### ERASTUS CHURCH *vs.* IRA A. VANDUZEE.

FRANKLIN, *January,* 1831.

Where one sues before a justice of the peace, in an action on *book account,* and sets his *ad damnum* at ten dollars only, and yet exhibits an account against the defendant of $10,67, and recovers the ten dollars demanded, the action is appealable.

The plaintiff cannot take away a jurisdiction, given in his writ, nor take away the right of appeal, by exhibiting a less account, than his writ would authorize, nor by setting his *ad damnum* lower, than the *debit* side of his account.

This was an action on *book account,* brought before a justice of the peace, where the plaintiff recovered judgement, and the defendant appealed to the county court. The plaintiff filed his motion, at December term, 1828, to dismiss the appeal, because the action was not appealable. This motion was overruled by the court, and judgement was rendered to account, and the cause submitted to an auditor, who, at April term, 1830, made his report in favor of the defendant. The plaintiff filed his objections to the report on the ground, that the county court had not jurisdiction. He also filed a motion to dismiss the action, similar to the one filed before the cause went out to the auditor. No question of law was raised upon any decision of the auditor. He decided in favor of the defendant, on the ground that the plaintiff did not support his account in point of proof. The motions to dismiss were predicated on the following matters, apparent of record, to wit: The plaintiff laid his *ad damnum* at ten dollars only; but the justice's record shows that the plaintiff's account, exhibited in support of his action, amounted to $10,67; and the defendant there exhibited an account of $14,11, but adduced no evidence in support of it. The plaintiff recovered his ten dollars demanded. The auditor's report contained a copy of the plaintiff's account exhibited before him, amounting to $14,67. He also reported, that the defendant exhibited before him no account at all; but relied upon showing, that all the plaintiff's account which ever was a proper charge against him, had been settled and paid. The county court refused to dismiss the action, and rendered judgement on the report for the defendant to recover his cost.

FRANKLIN,    The plaintiff excepted to this decision, and brought the case to
  *January*,
   1831.     this Court.

 Church
   *vs.*         *The plaintiff's counsel* now urged in argument, that, in an ac-
Vanduzee.   tion on *book account*, the jurisdiction of the court is determined by
the *ad damnum* in the plaintiff's writ. They cited the case of *Reyn-
olds and wife* vs. *Robinson*, decided in Franklin county, Supreme
Court, January term, 1822.   They also contended, that a plea
in offset, unsupported by any evidence, would not make the cause
appealable ; and cited the case of *Brush* vs. *Hurlburt*, decided
in the same county, at the January term, 1830.*

   *The defendant's counsel, contra.*—1. The words of the statute
are, "That the judgement of a justice of the peace shall be final
"between the parties in all cases, where the sum demanded does
"not exceed ten dollars."—*Statute, page,* 139.   The justice's
record says expressly, in this case, that the plaintiff demanded
$10,67, and that the parties did litigate an account in favor of the
plaintiff of more than $10,00.   The construction, we put upon
this statute, is, that, where the plaintiff or defendant does not pro-
duce an account of more than $10,00, the judgement of the jus-
tice shall be final.   The *ad damnum* is not to govern in these
cases ; because the action is brought to recover a balance on book ;
and the plaintiff may have an account amounting to $100,00
against the defendant, and yet there may not be $10,00 due the
plaintiff.   And it was never supposed, that, where the plaintiff in-
troduced an account amounting to $100,00, and there was not
$10,00 due to the plaintiff, the cause was final before a justice.

   2. This cause was appealable, because the defendant offered
an account in offset, amounting to $14,11 ; and the defendant was
not obliged to offer any evidence in support of his account.   His
witnesses might not have been present : they might have been out
of the country, so that he could not have procured their attendance ;
and the appeal might have been taken for the very purpose of
procuring their testimony.

   3. The justice has certified, that the defendant offered no evi-
dence to *prove* his account.   This certificate is not to conclude
the defendant.   1st. Because the justice is not a certifying officer
to certify evidence to this court.   2d. The justice could only cer-
tify up the record ; and the evidence introduced on trial before the
justice is no part of the record.   3d. This certificate may be ta-

* See 3 Vt. Reports, 46.

ken to be true, and yet the whole cause might have turned upon the trial of the defendant's account.

4. The defendant's offering no account before the auditor, is not evidence that the cause was not appealable. The defendant relied upon the plaintiff's account being settled ; and this was his first defence ; and, if he proved to the satisfaction of the auditor, that the parties had settled, he could not plead his account in offset.

5. The Court will not support the plaintiff's objections to the report, when the plaintiff has pleaded to the merits of the action, and a trial has been had ; and a report for the defendant, and a judgement rendered on this report.

THOMPSON, J., *pronounced the opinion of the Court.*—The plaintiff's counsel contend, that the county court erred in not dismissing the action on one or the other of the plaintiff's motions for that purpose ; and thus contend for the following proposition : " That, whenever, from the nature of the action, the damages, to be recovered, are necessarily uncertain, the sum demanded must determine the jurisdiction, and the right of appeal." In support of this, they rely upon a decision, made in this county, but not reported, in the case of *Reynolds and wife vs. Robinson*, decided in January, 1822. In that case, the plaintiff demanded twenty dollars, and recovered $1,67. It does not appear what account was exhibited before the justice. Before the county court, his account, upon oyer, was one calf skin $1,50. Interest 51 cents. And the writ of error leaves it uncertain whether the defendant exhibited any account before the justice. The county court dismissed the action, and the defendant and appellant brought his writ of error ; and the Supreme Court reversed the decision. It is unnecessary, that this Court should pronounce upon the correctness of that decision. If it were, we should probably have no difficulty in saying, that, when the plaintiff has made his cause appealable, by demanding twenty dollars, he cannot afterwards, and especially after an appeal, drive the defendant out of court, by exhibiting a smaller account in oyer. The plaintiff relies, also, upon the decision in the case of *Brush* vs. *Hurlburt,* made in this Court at the last term. That was an action on book account. The plaintiff laid his *ad damnum* at eight dollars. The defendant filed, or exhibited, an account of $23, in his defence. This was clearly not appealable unless made so by the exhibition of the defendant's account ; and that being found to be wholy fictitious,

the appeal, which had been taken by the defendant, was dismissed.

The proposition, contended for, is unquestionably correct in many cases, as trespass, trover, covenant, trespass on the case, &c.; but it is by no means of universal application.

In the present case, the sum demanded was $10. The account exhibited was $10,67. This presents the same question, as if the account exhibited had been $100. In either case, the defendant may contest the whole account ; and the court may be called to decide upon each and every item.

The right of appeal, surely, cannot be taken away by the plaintiff's demanding $10, only, as a balance, or as the sum he will be satisfied with, when he presents, as the subject of controversy, an account of $100. Nor can the plaintiff prevent an appeal, by selecting, from an entire account of $100, items to the amount of $10, any more than he could give the court jurisdiction, by demanding $10, as the balance of an account of $150; or by *presenting a part only of such an account.* Suppose the plaintiff should demand $10, and exhibit a specification of money had and received, work and labour, and goods sold and delivered, to the amount of $100, could the right of appeal be doubted ? Or, if the specification should be more than $100, could the want of jurisdiction by questioned ?

The correct rule on the subject is this: when the plaintiff brings an action, sounding merely in damages, he may bring the subject matter within the jurisdiction of the court, or prevent an appeal by limiting his demand : but, when the action is upon an account, or a *chose in action,* the nominal amount must determine both the jurisdiction and the right of appeal. Upon these principles,

The judgement of the county court must be affirmed,

*Foster & Smalley & Adams,* for plaintiff.

*Brown & Bascom,* for defendant.