JOHN P. WARREN *v.* THE TOWN OF NEWFANE.

*Book Account, when appealable.   Specifications or Exhibits.*

Where there was nothing in the plaintiff's writ, or in his exhibits on trial before the justice, that made the case appealable, and the defendant called out on cross examination the plaintiff's book, in which appeared charges against the defendant that would have made the case appealable if considered as part of plaintiff's exhibits, *it was held*, that the book, when drawn out in this way, cannot be regarded as the plaintiff's exhibit on trial.

But a book account must be  regarded as one entire claim, and if the party sue it in part, it will bar the whole, unless some portion of the account is left behind, because it is not due, or for some other good cause, or by mistake.

The plaintiff may  reduce his claim, within the final jurisdiction of a  justice, by his writ, declaration, and exhibit or specification, by reducing the price of charges, or by abandoning some; but such abandonment will be conclusive upon all after claim for the same.

BOOK ACCOUNT.   The suit was commenced before a justice of the peace, and came to the County Court by appeal.

The plaintiff moved to dismiss the appeal, on the ground that the case was not appealable.

It appeared from the records of the justice, that defendants craved oyer of plaintiff's account.

The plaintiff exhibited an account for medicine and visits to a Mr. Bailey, (pauper,) amounting to $7,27, and an item for interest of $2,61, amounting in all to the sum of $9,88.

And it further appeared from the records of the justice, that upon cross-examination, at the call of the defendants, the plaintiff produced his original book, kept in the form of a day-book, and in said book appeared the items of the said account of $7,27, scattered over several pages, and interspersed among charges against various individuals.   And there also appeared in said book, other charges against the defendants, than those that made the amount above stated, scattered in like manner along in said book, which if included with the above, would amount to a sum exceeding ten dollars.   The last mentioned items were for medical attendance and medicine furnished to an alleged pauper, other than the one named in the first mentioned account.

The plaintiff had, some time previous to the commencement of this suit, presented the whole account to the defendants, including

the sum of $9,88, and the last mentioned charges, for settlement, and defendants denied their liability; but did pay the plaintiff two dollars on said last mentioned account, and at the same time refused to pay the account now exhibited of $9,88.

The said payment of two dollars was not made or received in satisfaction of said last mentioned account or charges; but plaintiff credited defendants said two dollars upon said last mentioned account, and said last mentioned account was not presented or insisted upon by the plaintiff against the defendants in this action, in any way or manner; but the above facts appeared upon the cross-examination of the plaintiff by the defendants.

The County Court, April Term, 1852,—COLLAMER, J., presiding,—dismissed said appeal; to which the defendants excepted.

*J. D. Bradley* and *C. K. Field* for defendants.

The dismissal of this appeal was erroneous.

I. The *debit* side of the plaintiff's account governs the jurisdiction. *Kimball et al.* v. *Hopkins et al.,* 16 Vt. 618. *Nichols* v. *Packard,* 16 Vt. 94.

1. And it is to be "determined by *inspection,*" of the book, "whether the book be right or wrong." *Stone* v. *Winslow,* 7 Vt. 343.

2. If the inspection shows improper subjects of entry, they need not be computed. *Scott* v. *Sampson,* 9 Vt. 341.

But nothing of the kind appeared in plaintiff's items, nor was any thing of the kind proved.

II. The plaintiff cannot waive a portion of the items, and change, by that means, the jurisdiction.

1. *Interest* may be waived until it is *charged* as an item; *because* it is only an *incident* to the items, and only "*demandable,*" not of course *demanded.* *Blyn* v. *Pierce,* 20 Vt. 28.

Nor does the reasoning apply which governed in *Sheldon* v. *Flin,* 17 Vt. 241. No part of the omitted items being (like rent); other than legitimate and proper subjects.

He cannot waive them merely because he cannot substantiate or prove them. Making his book and his claim, is making his jurisdiction.

*A. Keyes* for plaintiff.

The question presented by the exceptions is, had the County Court appellate jurisdiction.

All our courts, whether *Justice,* County, or Supreme, derive their jurisdiction from the statute, and are equally supreme in the exercise of it, where their jurisdiction is final. The old common law presumption in favor of the higher, and against the inferior courts, can have no weight with us, where the jurisdiction of every court is limited by the written law. But these statutes are to be construed by general rules.

The cardinal rule of construction is, that words shall be construed to have the same meaning in statutes that they ordinarily have in the language, unless it is apparent that the legislature intended to use them technically. *Barber* v. *Esty,* 19 Vt. 138.

.The statute reads, " No appeal shall be granted in actions where neither the *ad damnum* in the plaintiff's writ, nor the *sum demanded* by the declaration, nor the specification or exhibit of the plaintiff, shall exceed ten dollars." Comp. Stat. 239, § 76.

The *ad damnum* and sum demanded need no explanation. But the difficulty, *if any,* is in the third requisite, the *specification* or *exhibit.*

In all *general* declarations, there is no *specification,* but may be *exhibits.* In all *general* declarations, the plaintiff must, if required, give a *specification* of his claim. *Exhibits* are merely *evidence* to support the claim—a specification is given to make what was before a general declaration a special one, and the *specification* becomes the *declaration* itself.

The declaration in the book action is *general,* and requires a *specification* to make the declaration complete—and this specification is *oyer* of the account or claim, but not oyer of the *plaintiff's book,* for that would be an exhibit—hence we conclude the ac-·count, presented by the plaintiff on trial, was a specification, and this was less than ten dollars.

Had the action been *general assumpsit,* with the present *specifications,* no doubt would have been had of the final jurisdiction of the justice. 1 D. Chip. 384–6.

The plaintiff presented the account together with those *other* items; but defendants utterly denied their liability, and plaintiff treated them as wrongfully charged, upon the principle of *Blin* v. *Pierce,* 20 Vt. 25. *Scott* v. *Sampson,* 9 Vt. 339. The defendant cannot be injured by the omission of those items, for the omission in this case forever bars them. *McLaughlin* v. *Hill,* 6 Vt. 25.

Warren *v.* Newfane.

If the legislature had intended that the "*debit* side of plaintiff's book," should be the test of conclusive jurisdiction of a justice, they would have used the same language in both cases. But they used different language, and must have intended that the test should be the *specification* or *exhibit* of the plaintiff, on trial.

BY THE COURT. The only question in this case is, whether the judgment of the justice was final. The words of the statute are, "No appeal shall be allowed, where neither the *ad damnum*, nor the sum demanded by the declaration, nor the *specification* or *exhibits* of the plaintiff on trial, shall exceed ten dollars."

It is admitted, nothing in the plaintiff's writ made this case appealable, and nothing exhibited by the plaintiff on trial, unless his book, which was called out by the defendants on cross-examination, is to be regarded in that light. And we think the book can hardly be regarded as the plaintiff's exhibit on trial, when drawn out in this way.

If it were to be considered, that the plaintiff might still recover that portion of the account omitted, then it ought to be regarded as part of the cause of action, or if the party might still sue for it, and this adjudication not be regarded as a bar to its recovery.

But a book account has usually been regarded as one entire claim, which if the party sued in part, it will bar the whole, unless some portion of the amount is left behind because it is not due, or for some other good cause, or by mistake. *McLaughlin* v. *Hill*, 6 Vt. 20. And unless this is so to be regarded, it certainly ought not to be permitted to the party to subdivide an entire account, for the mere purpose and convenience of obtaining successive final judgments before a justice. But with this qualification, we see no more hardship, than in regard to other open claims.

In actions of tort, the party may set his own estimate upon his cause of action, whether for general or final jurisdiction, and the other party cannot complain ; and it has been held, the party may endorse a note down fictitiously for the mere purpose of varying the jurisdiction. *Herren* v. *Campbell*, 19 Vt. 23. See also 1 Washburn's Digest, 91, and cases cited. This last decision is certainly contrary to the construction given to the subject in the English courts. But it seems to have been the intention of our legislature to enable the plaintiff to abandon any portion of his claim,

which he chose to abandon, and thus in some sense to make a jurisdiction, or to make one final, at his election. This is so in regard to most actions, but not all. The extent of the jurisdiction of a justice is made, in actions on book accounts, to depend upon the *debit* side of the plaintiff's book. But in regard to making actions not appealable, a different form of expression is used, and we must suppose, with intent to make this question dependent upon a different test, i. e. the specification or exhibit of the plaintiff; and by these terms is meant evidently the same thing, the written description of his claim, or probably the written evidence exhibited by plaintiff in support of his claim. We think if the book had been intended, different language would have been used, as in other sections where the question of jurisdiction is made dependent upon the book.

And we see no more objection to allowing the plaintiff to reduce his claim within the final jurisdiction of a justice, by his writ, declaration, and exhibit or specification, by reducing the price of charges, or by abandoning some, than in any other case, provided the abandonment, in this mode, is made conclusive upon all after claim, as we think it must be.

Judgment affirmed.