## The Connecticut & Passumpsic Rivers Railroad Co., *Appellee, v.* Joseph Bates, 2d, *Appellant.*

### *Justice of the Peace. Appeal.*

The defendant subscribed for one share of the plaintiff's stock, and thereby contracted to pay the plaintiffs one hundred dollars in ten equal instalments, no part to be payable till the performance of a condition precedent. In an action before a justice of the peace, the declaration set forth this contract, averred performance of the condition, and claimed to recover the first instalment under an *ad damnum* of ten dollars; *Held,* that the action was appealable.

ASSUMPSIT. The declaration set forth that in consideration that the plaintiff promised the defendant to extend its railroad

from St. Johnsbury to the north line of this State, in the town of Derby, the defendant made the following written promise to the plaintiff, viz :

"Connecticut & Passumpsic Rivers Railroad Company. Whereas the Connecticut & Passumpsic Rivers Railroad Company propose to extend said road from St. Johnsbury to the town of Derby, if means can be obtained for that object, now for the purpose of extending said railroad we the subscribers agree to associate ourselves with the said company, and hereby promise and agree to pay to the said company the sum of one hundred dollars for each and every share set against our respective names, in instalments of ten per cent. on each share, to be expended by the directors of said company in the extension and construction of said railroad from St. Johnsbury to Derby Line, provided that the undersigned shall not be obliged to pay any part of our subscriptions until the whole road between the last named points shall be put under contract for grading, and that sixty days notice shall be given by the treasurer or directors of said company to us for each and every instalment required to be paid on the shares subscribed, and sixty days shall elapse between the time of payment of each instalment ;" that the defendant signed this contract and affixed to his name thus subscribed the number of one share of the capital stock of said company, and thereby promised to pay the plaintiffs one hundred dollars ; that said company on the 27th of October, 1855, put the whole road from St. Johnsbury to Derby Line under contract for grading, and that on the 27th of May, 1857, the directors of said company made an assessment of ten per cent. on said capital stock, for the purpose of constructing the road so contracted, and required the same to be paid on the first of September following ; and that sixty days notice had been given to the defendant of this assessment and the request to pay the same, but the defendant had wholly neglected to pay it. The *ad damnum* in the declaration was ten dollars.

At the trial before the justice of the peace, judgment was rendered for the plaintiffs, from which the defendant appealed.

In the county court in Windsor county, at the May Term, 1858, REDFIELD, Ch. J., presiding, the plaintiffs moved to dis-

miss the appeal, on the ground that the case was not appealable. The county court dismissed the appeal, to which the defendant excepted.

*Peck & Colby*, for the defendant.

*Washburn & Marsh*, for the plaintiffs.

BARRETT, J. This suit was commenced before a justice of the peace, from whose judgment the defendant appealed.

The appeal was, on motion of the plaintiff, dismissed by the county court, and exceptions were taken by the defendant.

The only question is, whether the declaration showed that the suit was not appealable.

The ground of the action is a contract by which the defendant undertook to pay the plaintiff one hundred dollars, in ten equal instalments, at periods of at least sixty days, no part to be payable till the railroad had been located and put under contract to a certain line. The declaration avers performance of the condition, and claims to recover one of said instalments, under an *ad damnum* of ten dollars.

We are of opinion that the contract set forth is not a note, within the meaning of the statute providing for and regulating appeals and the decisions that have been made in respect thereto It is, therefore, necessary to consider other grounds on which the defendant seeks to maintain his right to an appeal. One is, that the contract set out in the declaration, and necessary to be produced in evidence in order to support the action, constitutes an exhibit or specification of a claim of a hundred dollars. In favor of this view, it must be granted that the contract is for the payment of the whole sum named, and on the condition being fulfilled as is alleged, the defendant's liability to pay that sum would become fixed and absolute. A judgment in this suit involving an adjudication of the validity of said contract, and of the right of recovery as depending on the performance of that condition, would be conclusive in these respects of the rights and liabilities of the parties as to the remaining instalments, notwithstanding by said judgment the plaintiff could recover only for one instalment.

We are fully confident that it was not the design of the statute to shut down the parties to the final judgment of a justice of the peace in litigating their respective rights and liabilities under a contract like the one on which this action is based. Inasmuch as the *right* to be litigated extends to the full sum named in the contract, and would be conclusively settled by the judgment for the single instalment, we cannot say that the plaintiff's specification or exhibits do not exceed *ten dollars.* On the contrary, we think that within the spirit and a fair construction of the language of the statute, the appeal was well taken and should not have been dismissed. Judgment of the county court reversed and case remanded.