Cole et al. *v.* Goodall.

---

A. E. COLE AND CHARLES RAWSON *v.* GEORGE F. GOODALL.

*Jurisdiction. Statute. Justice of the Peace. Trover.*

In trover the *ad damnum* determines the right of appeal, even if the sum alleged in the declaration as the value of the property is above ten dollars, and if the plaintiff shows in his proof that its value is above ten dollars. Such allegation not being descriptive, but rather matter of form, is not a demanding of more than ten dollars by the declaration within the meaning of the statute; nor is the evidence and claim at the trial, a specification of the plaintiffs' claim in this form of action, within the intent of the statute.

THIS was an *audita querela* brought to set aside a judgment of a justice of the peace for denying an appeal. Plea, the general issue, and trial by court, at the April Term, 1866, WILSON, J., presiding. Upon the trial it appeared that on the 6th day of July, 1863, the defendant brought an action of trover against the plaintiffs for one block and tube, alleged in his declaration to be of the value of five dollars, one shaft alleged to be of the value of five dollars, six iron bands alleged to be of the value of three dollars, and one thousand pounds of old iron alleged to be of the value of eight dollars, with an *ad damnum* of ten dollars, which was made returnable before Henry H. Felton, Esq., a justice of the peace, on the 15th day of the same July; that

the action was continued from time to time until the 5th day of October, 1863, when it was tried before said justice ; that upon the trial the defendant himself was a witnes, and testified and claimed that the block and tube were worth eight dollors, the shaft five dollars, four iron bands worth one dollar, and a shaft and arbor worth one dollar, at the time of conversion, and claimed that the plaintiffs converted the whole to their use ; and that the justice rendered judgment in the action upon that trial for eight dollars and thirty-three cents damages, and eight dollars and thirty-three cents costs of suit ; that within two hours after the rendition of the judgment, the plaintiff tendered twenty-five cents to the justice for an appeal, and offered sufficient and satisfactory security to the defendant by way of recognizance for the costs of such an appeal and intervening damages, and that the justice denied an appeal to the plaintiffs.

Upon the foregoing facts the court rendered judgment *pro forma* for the defendant,—to which the plaintiffs excepted.

*Butler & Wheeler,* for the plaintiffs.

The declaration in the suit of the defendant against the plaintiffs set up a claim for damages to the amount of $21.00. This made the case appealable, although the *ad damnum* was but $10.00. G. S. p. 286 ; Wash. Dig. 91 ; Vt. Jus. 19.

The extent of the right litigated before the justice was much above $10.00 although the judgment could not exceed that sum. *C. & P. R. R.* v. *Bates*, 32 Vt. 420.

That *audita querela* is the proper remedy for a wrongful denial of an appeal, when the action upon the face of the declaration is applicable, is too well settled to be discussed. *Tyler* v. *Lathrop*, 5 Vt. 170 ; 31 Vt. 388.

*A. Stoddard,* for the defendant.

The action of trover described several articles of property, alleging to each article a certain value, but to *no one article* a value of $10., but the aggregate value exceeded the sum of $10. Is this demanding by the declaration, within the meaning of the statute, more than ten dollars? The articles sued for may be described in

different ways, and by different names, as for instance shaft, and again as old iron; the block may have included the hoops, and so may the old iron. And the allegation that they were worth so much, is not necessarily demanding so much.

And unless from the declaration there is necessarily involved the adjudication of subject matter of more than ten dollars in value, as in *Conn. & Pass. R. R. R. Co.* v. *Bates*, no appeal will be allowed, 32 Vt. 420. As in general assumpsit where ten dollars is alleged in each general count, and the *ad damnum* ten, recovery may be had upon one or upon all the counts for any sum not exceeding, in the whole, ten dollars, and there is no appeal. So we think it may be in trover, under an allegation of different sums for different articles. *Town of Weston* v. *Marsh*, 12 Vt. 420.

The fact that the plaintiff valued the articles more than ten dollars in his testimony did not give a right of appeal. He may have erred in judgment, or he may have consented to sue for, and take less than their real value. The judgment was for but $8.33 damages, indicating that the subject matters adjudicated were, in fact, within the statute giving no right of appeal. *Smith* v. *French et al.*, 1 Wash. Dig. 91, MSS. case.

The opinion of the court was delivered by

PECK, J. The statute provides that no appeal shall be allowed in actions "where neither the *ad damnum* in the plaintiffs' writ, nor the sum demanded by the declaration, nor the specifications or exhibits of the plaintiff on trial, shall exceed ten dollars, (with some exceptions which do not affect the question in this case.) The action was not made appealable by the *ad damnum*, for that did not exceed ten dollars. If appealable, it must be so either because the declaration demanded more than ten dollars by alleging the value of the property to be more than that sum, or by reason of the evidence and claim on trial, amounting to a specification or exhibit on trial of more than ten dollars, within the true meaning of the statute. This provision in the statute should be interpreted in the light of the history of the legislation on this subject, and of the decisions of the courts under the several statutes. Section 5 of the act of 1821,

Slade's Compiled, 139, provided, "that the judgment of a justice of the peace shall be final between the parties, in all cases where the *sum demanded* does not exceed ten dollars," with an exception not relating to the present question. Under this statute various questions arose as to what should be considered the sum demanded. It was held that if the declaration described a contract or cause of action in an action *ex contractu,* in such a manner as that the declaration furnished a rule of damages, and that rule of damages would entitle the plaintiff to recover more than ten dollars, the action was made appealable by the declaration, although the *ad damnum* did not exceed ten dollars ; as if the plaintiffs alleged that he sold and delivered the defendant a cow, in consideration of which the defendant promised to pay the plaintiff thirty dollars. And further, that if the declaration sounded in contract and furnished no rule of damages, if for the recovery of a debt, as in book account or general assumpsit, it was appealable if the plaintiff filed or presented a specification on trial for more than ten dollars, though the *ad damnum* did not exceed ten dollars ; but in actions of tort, such as trover, trespass to property, or assault and battery, where the declaration leaves the damages open and uncertain, the *ad damnum* determined the right of appeal, and that the case was not appealable unless the *ad damnum* exceeded ten dollars. The question was very fully discussed in *Church* v. *Vanduzee,* 4 Vt. 195. It is true that was an action of book account where the the *ad damnum* was ten dollars, and the specification of the plaintiffs' claim was more than that sum ; and the court held the specification made the action appealable. The court in that case go further, and lay down a rule in other forms of action. THOMPSON, J., says, that the proposition contended for by the plaintiffs is, that whenever from the nature of the action the damages to be recovered are necessarily uncertain, the sum demanded must determine the right of appeal. He says, "the proposition contended for is unquestionably correct in many cases, as trespass, trover, covenant, trespass on the case, etc., but it is by no means of universal application." At the close of the opinion he says, "the correct rule on the subject is this : when the plaintiff brings an action sounding merely in damages, he may bring the subject matter within the jurisdiction of the

court or prevent an appeal, by limiting his demand; but when the action is upon an account or chose in action, the nominal amount must determine both the jurisdiction and the right of appeal." This rule of determining the right of appeal by the *ad damnum* in actions of tort, the damages being open and uncertain, I believe has always been acquiesced in under that statute, and the later statutes on the subject.

When the statutes were revised in 1839, the revisors did, with the act of 1821, as they did in many other cases, in order to make the statute more explicit, they changed the phraseology and incorporated the substance of the decisions of the supreme court in expounding it, without any intention of changing it. This they did in reference to this statute by providing in terms that no appeal shall be allowed "in actions where neither the *ad damnum* in the plaintiffs' writ, nor the sum demanded by the declaration, nor the specifications or exhibits of the plaintiffs on trial, shall exceed ten dollars." The language is the same in the general statutes. The same construction should be put upon the provisions of the General Statutes as applicable to this question, that was put upon the act of 1821, and the decisions *upon*, and the practical construction *of* the act of 1821, are applicable under the present statute. In this view we think the allegation of the value of the property in the declaration, not being descriptive, but rather matter of form, is not a demanding of more than ten dollars by the declaration within the meaning of the statute; nor is the evidence and claim at the trial a specification of the plaintiffs' claim in this form of action, within the intent of the statute.

There is a note of a case in 1 Wash. Dig. 91, *Smith* v. *French*, not reported, stated to have been decided in Windsor County, 1833. The action was trespass for personal property, and the plaintiffs' proof was that the cash value of the property was much above ten dollars. The *ad damnum* was ten dollars and it was held the action was not appealable. It was in all respects like this case except it appears in that case that the property was not alleged in the declaration to be above the value of ten dollars. If proof on the part of the plaintiffs on trial that the value of the property is above ten

dollars, does not render the action appealable, it would seem that a mere formal allegation to that effect would not give the right of appeal.

The judgment of the county court is affirmed.