Hon. ASAHEL PECK,  
Hon. HOMER E. ROYCE, } Assistant Judges.  
Hon. JONATHAN ROSS,

---

## Royal F. Williams *v.* Silas Mason, appellant.

### *Justices of the Peace. Appeal.*

In general assumpsit before a justice of the peace, the *ad damnum* in the plaintiff's writ, and the sum demanded by the declaration, was ten dollars. The debit side of the plaintiff's specification on trial, was $38.82, and the credit side, $32.16; leaving a balance of $6.66; for which sum, with eighty cents interest thereon, the plaintiff obtained judgment. *Held*, that the action was appealable.

General assumpsit. The *ad damnum* in the plaintiff's writ, and the sum demanded by the declaration, was ten dollars. The debit side of the plaintiff's specification on trial, was for wood and butter, $38.82; and the defendant was therein credited, " By his ac't, $32.16 "; leaving a balance of $6.66; for which sum, with eighty cents interest thereon, the plaintiff obtained judg-

ment, and the defendant appealed.  In the county court, the plaintiff moved to dismiss said appeal, for want of appellate jurisdiction in said court; and the court, WHEELER, J., presiding, *pro forma*, sustained the motion and dismissed the appeal; to which the defendant excepted.

*T. Sibley*, for the defendant.

Only one question is presented to the court in this case.  Did the specification and exhibits on the trial before the justice, bring the case within the exception of § 70, ch. 31, of the Gen. Stat., taking away, or restricting, the right of appeal?  Was the debit side of the plaintiff's book or the extent of his claim an exhibit, within the meaning of the statute?  *Warren* v. *Newfane*, 25 Vt. 250 ; *Conn. & Pass. Rivers R. R. Co.* v. *Bates*, 32 Vt. 420.

*J. W. Carpenter*, for the plaintiff.

The plaintiff claims that this case comes within the true intent and meaning of the third provision of the seventieth section of the thirty-first chapter of the General Statutes.

There is no pretense, or claim, that this case is appealable, or that the county court has appellate jurisdiction of it, unless it is made so by the plaintiff's specification which is filed with the copy of the record.  The only question is, does the specification exceed ten dollars?  The plaintiff insists that it does not, and that there is no error in the ruling of the county court.  *Stephens* v. *Howe*, 6 Vt. 572 ; *Boardman* v. *Harrington*, 9 Vt. 151 ; *Weston* v. *Marsh*, 12 Vt. 420 ; *Cooper* v. *Miles*, 16 Vt. 642 ; *Bank of Rutland* v. *Cramton*, 28 Vt. 330 ; *Conn. & Pass. Rivers R. R. Co.* v. *Bates*, 32 Vt. 420.

To determine whether or not the specification or exhibit exceeds ten dollars, the whole of it must be taken together.  It cannot be determined by the debit side alone, or the credit side alone ; but both must be taken together, to find the true amount, which is the test of jurisdiction in actions of assumpsit ; and in this case there is only $7.46 balance in favor of the plaintiff.  *Miller* v. *Livingstone*, 37 Vt. 467 ; *Scott et als.* v. *McDonough*, 39 Vt. 203.

The opinion of the court was delivered by

ROYCE, J. The only question in this case arises upon the motion to dismiss the appeal for the want of appellate jurisdiction in the county court. The debit side of the plaintiff's specification amounted to $38.82, and in it he had given the defendant credit, " By his acc't, $32.16," thus leaving a balance due the plaintiff, as he claimed, of $6.66, for which sum, with eighty cents interest, he obtained a judgment. The defendant appealed, and upon the copies of appeal being entered in the county court, the plaintiff moved to dismiss the appeal for the want of jurisdiction. The court, *pro forma*, sustained the motion, and dismissed the appeal, and the case comes here upon exceptions to that ruling. If the suit was appealable, it was made so by the specification or exhibit.; for neither the sum demanded by the declaration, nor the *ad damnum*, made it appealable. The question as to the finality or conclusiveness of judgments rendered by justices of the peace, has frequently been before this court, and it might at first seem as if there had not been a perfect uniformity in the decisions made upon the question ; but I think the decisions can all be reconciled by noticing the distinction which has always been made between the debt, or matter in demand, as affecting the original and final jurisdiction. *Southwick, et als*. v. *Morrill*, 3 Vt. 320, was an action of debt on a judgment for $563.50, and on which there was an endorsement of $533.86. The writ was made returnable to the county court. A motion was made to dismiss, which prevailed, and the court held that the sum actually appearing from the record to be due, determined the question of jurisdiction. The same question was presented in *Stevens* v. *Howe*, 6 Vt. 572, and the court there held that however large the original debt, if it had been reduced by payments to a sum within the jurisdiction of an inferior court, such court had jurisdiction ; and the law as settled by these cases, has been followed in all the subsequent reported cases. But in determining questions involving the *finality* of justices' judgments, a different rule has prevailed. In that class of cases, the court has regarded the amount and character of the demand out of which the indebtedness was claimed to have resulted, rather than the amount which

was claimed, or appeared to be due. In *Church* v. *Vanduzee*, 4 Vt. 195, the plaintiff brought an action on book before a justice, and laid his *ad damnum* at $10. His account exhibited in support of his action, amounted to $10.67, and he recovered judgment for $10. The defendant appealed, and the plaintiff moved to dismiss, because the action was not appealable. The motion was overruled, and the court say that the same question is presented as if the account exhibited had been $100. In either case, the defendant might contest the whole account, and the court might be called upon to decide upon each and every item. That the right of appeal cannot be taken away by the plaintiff's demanding $10 only, as the balance or sum he will be satisfied with, when he presents as a subject of controversy an account of $100. That the correct rule upon the subject is, that when the action is upon an account or chose in action, the nominal amount must determine both the jurisdiction and the right of appeal. In that case, the plaintiff attempted to make the judgment final by the abandonment of a portion of his claim, and in this, he seeks to accomplish the same purpose by an acknowledgment of payment to apply on his claim.

By the specification or exhibit, is meant the written description, or the written evidence in support of the claim. And where this exceeds $10, so that the defendant has the right to litigate matters described in it to an amount exceeding $10, the action is appealable. In this case, the balance claimed by the plaintiff, and for which he recovered his judgment, would necessarily vary as the facts might be found in reference to the items which went to make up his claim. Those facts, the defendant had the right to litigate, and that brings the case within the rule above stated. It was upon this theory of the law, that the case of *Conn. & Pass. Rivers R. R. Co.* v. *Bates*, 32 Vt. 420, was decided. That was an action of assumpsit to recover an assessment of less than $10, made upon a subscription of $100, and the contract was set out in the declaration. The court say that a judgment in that suit involved an adjudication of the validity of the contract, and that it was not the design of the statute to shut down the

parties to the final judgment of a justice in litigating their respective rights and liabilities under such a contract.

The time and space occupied in the consideration of this case, can only be justified by the hope that it may aid in removing the doubts which have hitherto been entertained upon the question involved, and which have led to so much profitless litigation.

Judgment reversed, and cause remanded.