TOWN OF CONCORD *v.* NATIONAL BANK OF DERBY LINE.

*Appeal from Judgment of a Justice.*    *Sts.* 1876, *No.* 64.

In an action brought before a justice of the peace on a coupon for $15 taken from a town bond for $500, plaintiff offered in evidence the act authorizing the issue of bonds of which that bond was one, and certified copies of certain instruments by which the town proceeded in issuing said bonds, and claimed that the bond was valid, which defendant denied. *Held,* that as the coupon was a mere incident of the bond, so that plaintiff could not make a *prima facie* case without showing that the bond was valid, the copies by which plaintiff sought to prove its validity were on exhibit within the meaning of No. 64, Sts. 1876, and that therefore the case was appealable.

THIS was a petition to the County Court for an allowance of an appeal from a judgment of a justice of the peace.

The action in which the judgment in question was rendered was brought by the petitionee against the petitioner, on January 1, 1877, on a coupon taken from a bond issued by the petitioner in aid of the Essex County Railroad. The bond was for $500, redeemable at the pleasure of the petitioner after September 1, 1876, and payable on September 1, 1891, at the First National Bank of Boston, with interest at the rate of six per cent. per annum from September 1, 1871, payable semi-annually at said bank, on March 1 and September 1 of each year, on presentation of the proper coupons. The bond was signed by the petitioner's selectmen, and countersigned by its treasurer.

The coupon was as follows:

The town of Concord will pay the holder hereof on the first day of March, 1871, at the First National Bank of Boston, Mass., fifteen dollars, for interest on bond No. 37.                    GEO. C. FRYE, *Treas.*

On trial before the justice, the petitionee offered in evidence the act of the Legislature authorizing the petitioner to issue its bonds, and also certified copies of a certain instrument of assent

Concord v. Nat. Bank of Derby Line.

and a subscription contract by which the petitioner proceeded in issuing said bonds, and claimed that the bonds issued were valid and binding, which the petitioner denied. The justice rendered judgment for the petitionee for the amount of the coupon and costs. The petitioner thereupon prayed for an appeal, and tendered the requisite fee and security therefor; but the justice denied an appeal, for that the action was not appealable.

It was agreed that although the petitionee never owned the bond from which the coupon was taken, and did not produce it at the justice trial, it was a *bona fide* holder of the same for value.

At the September Term, 1877, Orleans County, the court, POWERS, J., presiding, adjudged that the petitioner was entitled to an appeal; that the justice's judgment be set aside, and the case proceeded with in the County Court; to which the petitionee excepted.

*John Young*, for the petitionee.

The case was not appealable. Neither the *ad damnum* nor the sum demanded was $20. The coupon was a negotiable promissory note complete in itself. Chit. Bills, 119, 516, 525, 526; *Edgerton* v. *Edgerton*, 8 Conn. 6; *Bishop* v. *Young*, 2 B. & P. 81; *Dixon* v. *Nuttal*, 6 C. & P. 320; *Wells* v. *Brigham*, 6 Cush. 6; *Michigan Ins. Co.* v. *Leavenworth*, 30 Vt. 11, 20.

But if not a note, neither exhibit nor specification made the case appealable. See *Thrall* v. *Horton*, 44 Vt. 386; *Williams* v. *Mason*, 45 Vt. 372; *Connecticut & Passumpsic Rivers Railroad Co.* v. *Bates*, 32 Vt. 420; *Nason* v. *Blaisdell*, 12 Vt. 165; *Atkinson* v. *Allen*, 12 Vt. 619; *Ingalls* v. *Brooks*, 29 Vt. 398; *Knapp* v. *Marlboro*, 31 Vt. 674; *Warren* v. *Newfane*, 25 Vt. 250; *Boardman* v. *Harrington*, 9 Vt. 151.

The coupon was a separate and distinct instrument. *Kenosha* v. *Lampson*, 9 Wal. 477; *Lexington* v. *Butler*, 14 Wal. 282; *Clark* v. *Iowa City*, 20 Wal. 583; *Spooner* v. *Holmes*, 102 Mass. 503.

*Wm. & H. Heywood*, for the petitioner.

The action was appealable. It involved the validity of the bond from which the coupon was taken. *Connecticut & Passump-*
19

*sic Rivers Railroad Co.* v. *Bates,* 32 Vt. 420 ; *Williams* v. *Mason,* 45 Vt. 372 ; *Cromwell* v. *Sac County,* 94 U. S. 351.

The opinion of the court was delivered by

REDFIELD, J. This is a petition under the statute to be allowed an appeal from the judgment of a justice of the peace against the petitioner and in favor of the petitionee. The magistrate denied an appeal. The only question involved is, whether the appeal was properly refused.

The suit is predicated upon one of the coupons which originally was attached to a bond of $500, which, it is claimed, was issued by the town of Concord in aid of the Essex County Railroad, and purports to be one of the semi-annual interest warrants attached to bond numbered 37, for the sum of $15, without date, and signed, " Geo. C. Frye, Treas."

This interest warrant, or coupon, when made and issued was a part of the bond to which it was attached, and its validity as a contract rested entirely upon the authority of the selectmen to execute and issue the bond. If the bond was invalid, the coupons fell with it, as mere accessories and incidents of the bond. The plaintiff could not, therefore, make a *prima facie* case without proof that the bond was of legal force to bind the town, and that the coupon received virtue and validity by reason of its being attached to, and a mere incident of, the bond. The question in issue, therefore, was, whether bond No. 37 was legally binding upon the town of Concord.

Whether such case be appealable depends altogether upon the statute. The St. of 1876, No. 64, provides that, " when neither the *ad damnum* in the plaintiff's writ, nor the sum demanded by the declaration, nor the specifications or exhibits of the plaintiff on trial, shall exceed twenty dollars, no appeal shall be allowed." The case shows that the plaintiff did exhibit a certified copy of the town records of Concord of the " instrument of assent and subscription contract," and did prove the tenor of bond No. 37, and that this coupon was annexed thereto and a part of it, and that said bond was duly signed and executed by the selectmen and treasurer of the town of Concord.

This, we think, was an "*exhibit*" on the trial of said cause, made by the plaintiff, of more than twenty dollars. And, indeed, an "exhibit" which, on trial, was the sole matter in issue. The decision of the court in *Conn. & Pass. Rivers R. R. Co.* v. *Bates*, 32 Vt. 420, in principle, determines this case. In that case the promise sought to be enforced was a promise to pay *ten dollars*, but the binding force of the contract was dependent entirely upon the validity of the *subscription* for $100. Whether the suit be predicated upon a specified portion of the interest or of the principal, is immaterial, so long as the suit necessarily draws in question the validity of the *contract* itself, which was a promise to pay the sum of five hundred dollars and interest. In *Williams* v. *Mason*, 45 Vt. 372, the court say: " By the specification, or exhibit, is meant the written description, or written evidence in support, of the claim; and when this exceeds $10, so that the defendant has the right to litigate matters described in it to an amount exceeding $10, the action is appealable." And in *Railroad Co.* v: *Bates*, *supra*, BARRETT, J., says: " We are fully confident that it was not the design of the statute to shut down the parties to the final judgment of a justice of the peace in litigating their respective rights and liabilities in a contract like the one on which this contract is based, inasmuch as the *right* to be litigated extends to the full sum named in the contract." The fact that the act of 1876 has made a judgment in this case not conclusive as to the remaining parts of the bond, cannot affect the right of appeal.

The accumulated authorities read by the counsel for the plaintiff, to show that coupons are negotiable so as to enable the holder to sue thereon in his own name, and that the *bona fide* holder of a detached and unpaid coupon may recover judgment thereon, even if the bond has been paid and cancelled, as in *Exchange Bank* v. *H. P. & F. Railroad Co.* 4 R. I. 375, are, doubtless, sound law. But none of them intimate that the holder can recover upon such coupons without proving that they had virtue and validity imparted to them by their attachment to a valid bond; and do not aid the court in giving interpretation to our statute in regard to appeal.

*Judgment affirmed, and cause remanded.*