## SUSIE E. PERRY *v.* GAY, KIMBALL & GAY.

### *Appellate Jurisdiction of County Court.*

In general assumpsit brought before a justice of the peace on a declaration alleging an
indebtedness, &c., for $20 and a writ laying the *ad damnum* at the same sum, plain-
tiff furnished a specification of balance of $19.69 due for work. On cross-examina-
tion she produced her original account, whereby it appeared that her charges were
much more than $20, but that the credits of payments reduced the balance to the
sum specified. *Held,* that the sum of her charges constituted the matter of inquiry,
and that the action was appealable.

GENERAL ASSUMPSIT appealed from the judgment of a justice of
the peace. The declaration alleged an indebtedness, &c., for $20,
and the *ad damnum* was fixed at that sum. From the copy of the
justice's record it appeared that the plaintiff presented before the
justice a specification of claim " To balance due for work for
months of June, July and August," in the sum of $19.69; that
the defendants pleaded the general issue; that on cross-examina-
tion the plaintiff produced what she testified to be her original ac-
count, whereby it appeared that she had charged the defendants
for mottling buttons $20.55 in June, $34.35 in July, and $4.60 in
August, or in all the sum of $59.50, and that the defendants had
paid her in those three months $39.81 of that sum; that the plain-
tiff testified that she gave the defendants her work after August
5; that from the defendant's book of account, which was produced
at the plaintiff's request, it appeared that the plaintiff's account
amounted to $38.77; that judgment was rendered for the plaintiff
for the sum named in her specification and costs; and that the de-
fendant appealed.

At the December Term, 1879, the plaintiff moved to dismiss for
want of appellate jurisdiction; but the court, BARRETT, J., presid-
ing, overruled the motion, to which the plaintiff excepted.

*Charles H. Williams* and *W. C. French,* for the plaintiff.

Neither the *ad damnum* nor the specification exceeded $20;
therefore an appeal would not lie. What was brought out on

cross-examination or in evidence did not constitute a specification, or an exhibit within the meaning of the statute. Sts. 1876, No. 64 ; *Weston* v. *Marsh,* 12 Vt. 420 ; *Persons* v. *Center Turnpike Co.* 20 Vt. 170 ; *Warren* v. *Newfane,* 25 Vt. 250. See *Williams* v. *Mason,* 45 Vt. 372 ; *Church* v. *Vanduzee,* 4 Vt. 195 ; *Cole* v. *Goodall,* 39 Vt. 400. The case *Connecticut & Passumpsic Rivers Railroad Co.* v. *Bates,* 32 Vt. 420, is distinguishable.

*Hunton & Stickney,* for the defendants.

The sum of $59.50 was open to litigation. *Gibson* v. *Sumner,* 6 Vt. 163 ; *Spear* v. *Peck,* 15 Vt. 566. The exhibits showed the action appealable. Sts. 1876, No. 64 ; *Church* v. *Vanduzee,* 4 Vt. 195 ; *Connecticut & Passumpsic Rivers Railroad Co.* v. *Bates,* 32 Vt. 420 ; *Williams* v. *Mason,* 45 Vt. 372. Although the matter in demand may be limited for the purpose of bringing the action before a justice, the justice's jurisdiction cannot thereby be made final if it appears in evidence that the matter is not within his final jurisdiction. *Warren* v. *Newfane,* 25 Vt. 250 ; *Church* v. *Vanduzee* and *Williams* v. *Mason, supra.*

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit in the general counts. The defendant appealed from the justice's judgment; and the plaintiff moved to dismiss the appeal, on the ground that the justice had exclusive jurisdiction. Neither the claim in the declaration nor the *ad damnum* exceeded $20. On trial before the magistrate the plaintiff presented, as she called it, a specification, viz: "To balance due for work for months of June, July and August," $19.69. On trial she offered herself as a witness; and on cross-examination produced what she called her original account, which showed that the amount of her services in June were $20.55 ; in July, $34.35 ; and in August, $4.60, and that there had been payments each month so that the balance due was $19.69. We think the court properly overruled the motion. The whole claim in issue, and the subject-matter of inquiry, was $59.50 ; and the adjudication of which gave appellate jurisdiction. The case is controlled by the case of *Williams* v. *Mason,* 45 Vt. 372, and

quite identical with it. In addition to the cases therein cited, the case of *Concord* v. *National Bank*, 51 Vt. 144. We are satisfied with the reasoning in these cases, and could not make the rule more certain. The case of *Warren* v. *Newfane*, 25 Vt. 250, is not in conflict. The court held in that case, that the plaintiff might waive all other items of his account, save the items amounting to $7.27 ; and that the judgment did bar all other items of the plaintiff's account.

The ruling of the County Court is affirmed, and the cause remanded for further proceeding.