WILLIAM A. CHASE *v.* JOHN BERNIER.

October Term, 1900.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed August 30, 1901.

*Appeals from justices—V. S. 1298*—A suit before a justice, appealable
on no other ground, is not rendered appealable by the fact that the
plaintiff's claim, as shown by his evidence, is in part for the
breach of an executory contract under which, if it had been carried
out, the plaintiff would have been entitled to receive more than
twenty dollars.

*Dismissal of appeal from justice—Presumption in favor of judgment of
the County Court*—So far as a bill of exceptions showed, an appeal
from a justice was rightly dismissed by the County Court. If the bill
of exceptions was to be taken as not containing a complete account
of the proceedings before the justice, then it was to be presumed,
in favor of the judgment of the County Court, that the record of the
justice there shown professed to recite the whole proceedings be-
fore him, and that it showed no ground of appeal.

THIS WAS AN ACTION of assumpsit which came into the
County Court on appeal from a justice. The plaintiff filed a
motion to dismiss the appeal. Heard on said motion, Caledo-
nia County, June Term, 1900, *Taft*, C. J., presiding. The
court rendered judgment sustaining the motion and dismissing
the appeal. The defendant excepted.

*G. C. Frye* for the plaintiff.

*Harland B. Howe* for the defendant.

STAFFORD, J. The questions arise under V. S. 1298, reg-
ulating appeals from justice judgments. The action was com-
menced before a justice of the peace, from whose judgment the
defendant appealed. In County Court the plaintiff moved that
the appeal be dismissed, "for that the case is not appealable, as
appears by the justice copy of record and appeal." The appeal
was dismissed, and the defendant excepted. The justice copy

is not before us, but in its place the bill of exceptions states, that the *ad damnum* was twenty dollars; that the declaration in the writ was in the general counts in assumpsit and set the damages at twenty dollars; that at the justice trial a new count was added, which is set forth; that the defendant's plea was the general issue; that the plaintiff's specifications were, "to car-fare $2.94, to board $1.00, to damages for breach of contract $10.00—$13.94;" that the verdict was in the plaintiff's favor for $3.94 and costs; and that the defendant was allowed an appeal.   The case also recites, partially at least, the course of trial before the justice,—saying that the plaintiff's evidence tended to show that the defendant procured a third party to write a letter to the plaintiff requesting him to come to St. Johnsbury, or send his medicines, at once, as the defendant wished to be treated for the liquor habit,—which letter is set forth,—and that in response the plaintiff came and made a contract with the defendant to give him the treatment and be paid therefor twenty-five dollars; that the defendant refused to take the treatment, but promised to pay the plaintiff his expenses as per the first two items of the specification; and that the ten dollar item is for damages for breach of the contract, that being the amount of the profit therein.   The new count, among other things which need not be noticed, alleged that the defendant was indebted to the plaintiff "in and about the profit that would have inured to the plaintiff's benefit if the defendant had not broken the contract," and set the damages at fourteen dollars and ninety-four cents, but did not set forth the special contract.

The defendant now insists that the judgment must be reversed for error in dismissing the appeal, and the question is, Does error appear?   He makes two claims : first, "that the case is appealable as appears of record;" second, that, if not, it must be presumed to be so, because the justice allowed the appeal,

unless the contrary positively appears. Let these claims be examined separately.

It is said that the sum demanded by the new count is more than twenty dollars, which, if true, makes the case appealable. But it is not true. The sum demanded is expressly fourteen dollars and ninety-four cents. Even if the count be treated as a special declaration upon the contract, it cannot be held to demand more. A declaration expressly demanding in damages a sum less than twenty dollars cannot be held to demand more, merely because it proceeds upon the breach of an executory contract which, if the plaintiff had been permitted to perform and had performed it, would have entitled him to a larger sum. Such is the fair result of the cases. *Church v. Vanduzee,* 4 Vt. 195, 198; *Wightman* v. *Carlisle,* 14 Vt. 296; *Warren* v. *Newfane,* 25 Vt. 250; *Crosby* v. *Enterprise Cheese Co.,* 67 Vt. 638. The cases cited by the defendant—*Connecticut & Passumpsic Rivers R. Co.* v. *Bates,* 32 Vt. 420; *Williams* v. *Mason,* 45 Vt. 372; *Concord* v. *National Bank of Derby Line,* 51 Vt. 144—do not hold otherwise, but only that a case is appealable, under another clause of the statute, when the plantiff's specifications exceed twenty dollars, or when the plaintiff, to recover, must introduce an exhibit in writing exceeding that sum. Here it is not claimed that the case shows an exhibit within the meaning of the statute, and, as we have seen, neither the specification nor the sum demanded by the declaration exceeded twenty dollars.

So much for the first claim; now for the second. The defendant insists that the County Court was bound to presume, in favor of the regularity of the justice's allowance, that the plaintiff did present an exhibit exceeding twenty dollars,—to presume, if necessary, that the liquor cure contract was in writing and presented as an exhibit, or that the defendant pleaded in offset demands exceeding twenty dollars and filed an affi-

davit, or that something else was done which, under the statute, would have entitled the defendant to an appeal; and he cites *Johnson* v. *Williams,* 48 Vt. 565.

The justice record not being before us, the bill of exceptions must be taken in one of two ways—either as containing, or as not containing, a complete account of the justice's proceedings. If the former, the judgment was right for reasons already given. If the latter, it must be presumed, in favor of the judgment of the County Court, that the justice record there shown did profess to recite the whole proceeding, and that it showed no ground for an appeal.

*Judgment affirmed.*