### BARBER v. BOSTON & M. R. CO.

(Circuit Court, D. Vermont. April 7, 1906.)

1. REMOVAL OF CAUSES—AMOUNT IN DISPUTE.

An action on the case to recover $2,000 damages for negligence is not removable, although the actual damages are alleged to be greater.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 132.]

Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. SAME—TIME FOR FILING PETITION—CHANGE IN PLEADINGS.

The right of removal arises at any time during the progress of a case whenever by a change in the pleadings or proceedings the cause is rendered for the first time removable.

At Law. On motion to remand to state court.

Orion M. Barber, for plaintiff.

George A. Weston, and Eleazer L. Waterman, for defendant.

WHEELER, District Judge. This is an action on the case brought in a state court, and removed here for negligently setting fire to the plaintiff's buildings destroying some, and partly destroying other, property alleged to be of the value with expense of repairs of much more than $2,000 with an ad damnum of that amount. It has now been heard on a motion to remand. The motion would be too late, being after the term at which it was entered, if the ground was not jurisdictional; as it is the motion is in order at any time. The allegations of value and expense are not of sums certain like those in debt or assumpsit on records or written instruments, which must be proved as laid; but evidence of different amounts would be admissible under them, and the limit of recovery on all would be the ad damnum, and so that would govern the amount in dispute. Cole v. Goodall, 39 Vt. 400, 94 Am. Dec. 334; Gordon v. Longest, 16 Pet. 97, 10 L. Ed. 900; Kanouse v. Martin, 15 How. 198, 14 L. Ed. 660; Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729. The case must as it now stands, therefore, be remanded.

It is suggested that the ad damnum may be raised in the state court,

and that the matter in dispute is what it may be raised to; and if not that the right to remove a removable case might be kept away by keeping the ad damnum too small till after the time for removal should elapse. But the right to remove attaches for the first time whenever any change in the proceedings makes it so, and it may then be availed of. No. Pacific R. R. Co. v. Austin, 135 U. S. 315, 10 Sup. Ct. 758, 34 L. Ed. 218; Powers v. Chesapeake & Ohio R. R. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673.

Motion granted, and cause remanded.