### OTHNIEL T. TEMPLE v. GILBERT BRADLEY.

In an action of book account, if the debit side of the plaintiff's book is less than $100, and he sue before a justice, and the debit side of the defendant's book is more than $100, the latter cannot bring it in before the justice by way of offset.

But if he appeal the case into the county court, he may there plead it, by way of offset, and have judgment for the balance his due.

The debit side of the plaintiff's book, in an action of book account, is not affected by the form of the entries merely, e. g. when only results should have appeared on the book. If the items, out of which those results grow, are enumerated, in determining a matter of jurisdiction, the court will suffer the entries to be corrected.

THIS was an action of book account. The original writ was returnable on the 30th of December, 1840, before a justice of the peace, and the suit came, by appeal, into the county court. Judgment to account having been there rendered, an auditor was appointed who afterwards reported, that, on the trial before the auditor, it appeared that, when

this suit was commenced, the debit side of the plaintiff's account was $62.00 and the debit side of the defendant's account was $103.00 ; that the plaintiff owed a note to the defendant, on which there was due, on the 24th day of August, 1840, the sum of $10.25 ; that the plaintiff had previously given an order to the defendant on one Judson for money to pay the note ; that on said 24th of August, 1840, the defendant received, on that order, the sum of $12.30, and gave the plaintiff credit therefor, but the plaintiff was not present when the money was paid ; that afterwards, on the 27th day of August, 1840, the plaintiff called at the defendant's store and took said note, and the defendant then charged the amount of it to the plaintiff, thus, ' note given up, $10.25 ;' that the plaintiff had charged to the defendant the sum of $2.05, as ' balance on note,' and, afterwards charged the further sum of $10.25, cash, and that these two items amounting to $12.30, were for the money which the defendant received of Judson as before stated. The auditor also reported a balance in favor of the defendant. The plaintiff objected to the allowance of the defendant's account because, the debit side appeared to be over one hundred dollars, and moved for judgment against the defendant for the amount of the plaintiff's account, as reported by the auditor. But the county court overruled the motion, accepted the report and rendered judgment for the defendant to recover against the plaintiff the balance found due to the defendant by the auditor, and the plaintiff excepted to the decision.

*Sargeant & Miner* for plaintiff.

The justice had no jurisdiction of the account exhibited in offset by the defendant. It appears upon its face to be over one hundred dollars. Courts cannot look behind the papers to ascertain whether they have jurisdiction, unless it appear upon the face of the account that something is charged that could not be legally accounted between the parties, and not claimed by the party presenting the account, or, unless it appear that there is an error or mistake in charging or footing, which carries the account above the jurisdiction.

In support of this view we cite *Scott* v. *Sampson*, 9 Vt. R. 339; *Phelps* v. *Wood*, 9 Ib. 399; *Catlin* v. *Aikin*, 5 do.

BENNINGTON,<br>
*February,*<br>
1842.

Temple<br>
*v.*<br>
Bradley.

179; *Stone* v. *Winslow,* 7 do. 338; *Thompson* v. *Colony,* 6 do. 91; *Perkins* v. *Rich,* 12 do. 597.

The jurisdiction of justices of the peace and county courts are not concurrent. The limits of both are exactly defined by statute; one begins where the other ends.

There can be no doubt that the county court would have had jurisdiction. *Reed* v. *Talford,* 10 Vt. R. 569.

Where there are mutual accounts between the parties, and notes are given up to apply on such accounts, or to balance credits, the whole can be settled in this form of action. *Fasset* v. *Vincent,* 8 Vt. R. 73. *Barlow* v. *Butler,* 1 do. 146. *Harrington* v. *Hall,* 2 do. 175.

— *Canfield,* argued for defendant, and cited *Catlin* v. *Aikin,* 5 Vt. R. 177; *Scott et al.* v. *Sampson,* 9 Vt. R. 339. *Perkins* v. *Rich,* 12 Vt. R. 595.

The opinion of the court was delivered by

REDFIELD, J.—This is an action of book account, sued before a justice. Plaintiff's account is $62.00, and defendant's $103.00. The plaintiff appealed the case to the county court. He now moves for judgment on the report of the auditor, for the amount of his account excluding defendants. If this be the result of the statutes upon the subject, it is singular.

I. It is plain, I think, that on the trial before the justice, the defendant could not insist upon his account, except by way of defence, to show there was nothing due the plaintiff on the account. In current accounts between parties, it is only the balance which forms the debt. Hence it is not competent for either party to select a single item of the account, and sue upon it.

II. We think, then, the defendant could not, in the justice's court, have insisted upon judgment in his favor for the balance his due, because the account, if above $100, could not be brought in by way of offset, for the statute provides, that 'no demand shall be allowed in offset, in actions before a 'justice, unless the same would have been within the jurisdic- 'tion of a justice, if an action had been commenced there- 'on.' Hence, it is obvious that such an account could not be 'allowed in offset' in that court.

III. But when the case comes into the county court, by appeal, the statute provides that ' the parties shall have the ' same right to plead in offset as if the action had been ' originally commenced in the county court.' And, although the defendant's account, in this action, is not strictly a plea in offset, it is very obvious that the sixth section was intended to admit all matters of offset, which were excluded by the fourteenth section. If that were not so, then, in an action on book, if the plaintiff's account was less than $100, and the defendant's exceeded that sum, as is contended in the present case, the plaintiff could recover his book account, and defendant could not set-off his, in either a justice court, or the county court. In the one, because it was matter of offset, and in the other, because it was not, ' which is absurd.'

IV. But we think this case is with the defendant on the merits, even on the ground of the plaintiff's argument. The defendant's account is made to exceed $100, by charging a note paid and given up, and when there was no propriety in charging it. The defendant should have credited the plaintiff the *balance* only of the money received of Judson for this was all that had any connection with the account. So the plaintiff charged it originally. In this view the defendant's true claim did not exceed $100. We do not think the party is to be driven out of court on a question of jurisdiction, because he has not stated his account according to the facts, any more than if he had carried the cents to the column of dollars, or misstated the foot of the column of debt.

Judgment affirmed.