Bank of Rutland *v.* Cramton.

---

THE PRESIDENT, DIRECTORS & CO. OF THE BANK OF RUT-
LAND *v.* JOHN W. CRAMTON, *apt.*

*Jurisdiction.*

A justice has jurisdiction in an action of assumpsit where neither the *ad damnum* or
the amount claimed exceeds $100, though the amount claimed is the balance of an
account, upon which an action on book might have been sustained, the debtor side
of which exceeds $100.

ASSUMPSIT brought into the county court by an appeal from the
judgment of a justice of the peace. The declaration contained
only the common counts, and demanded in damages the sum of
one hundred dollars. Plea, the general issue; trial by the court,
September Term, 1855,—PIERPOINT, J., presiding.

The plaintiffs introduced evidence tending to prove that on the
15th day of February, 1854, the defendant presented and passed
to the plaintiffs a certificate of deposit of seven hundred dollars,
and that the plaintiffs, by mistake, paid the defendant the sum of
ninety dollars too much on account thereof, which they sought to
recover in this action.

It appeared on trial that the plaintiffs charged the defendant on
their books with the said sum of ninety dollars, but that the de-
fendant, before the commencement of this suit, refused to pay or
account for the same. It also appeared that the defendant, after
the above over-payment of ninety dollars, deposited money with
the plaintiffs from time to time, and drew out most of it on drafts
before this suit was commenced, which was in December, 1854.
Of these dealings the plaintiffs kept an account following the
charge of ninety dollars, though there was no other connection be-
tween them. Of this account the following is a copy:

| " 1854. JOHN W. CRAMTON, | | *Dr.* | |
|---|---|---|---|
| February 15, to cash over-paid by mistake, | $90 | 00 | |
| April 24, paid check, | 60 | 00 | |
| May 8, paid check, | 281 | 00 | |
| May 18, paid check, | 100 | 00 | |
| June 22, paid check, | 184 | 58 | |
| | | | ———$715 58 |
| 1854. | | *Credit.* | |
| March 3, by certificate of deposit, | $186 | 97 | |
| " 25, " " " | 155 | 28 | |
| May 8, cash deposited, | 250 | 00 | |
| June 21, cash deposited, | 50 | 00 | |
| | | | ———$642 25 |
| Balance due plaintiffs, | | | $73 33 |

Bank of Rutland *v.* Cramton.

It also appeared that there never had been a settlement of any portion of the said dealings between the parties, but that the same remained open and unadjusted, and that there was due from the plaintiffs to the defendant, without reference to the said sum of ninety dollars, the sum of $16.67, but that there was due the plaintiffs from the defendant, including said ninety dollars, the sum of $73.33, exclusive of interest. Upon the foregoing facts, the defendant insisted that the said county court had not appellate jurisdiction of said cause, and moved to dismiss the same; but the court refused so to do, and rendered judgment that the plaintiffs recover of the defendant the said sum of $73.33, and interest thereon. Exceptions by the defendant.

*Harrington & Prout* for the defendant.

*S. H. Hodges* for the plaintiffs.

The opinion of the court was delivered by

BENNETT, J. The only question in this case is one of jurisdiction. We have no doubt a justice of the peace had original jurisdiction. The *ad damnum* did not exceed one hundred dollars. With some few exceptions, a justice of the peace has jurisdiction in all civil causes where the debt or other matter in demand does not exceed one hundred dollrs. In actions on note and on book, the statute has defined what shall constitute *the matter in demand,* and in the latter case, it is the debtor side of the plaintiffs' book.

Though in the present case the plaintiffs might have recovered their claim in an action on book, yet this action is assumpsit, and it is well settled that, in the general action of assumpsit, the sum demanded in the declaration, that is, the *ad damnum,* is apparently *the matter in demand,* as regulating the jurisdiction of the courts. In *Stevens* v. *Howe,* 6 Vt. 572, the plaintiff declared in assumpsit in several counts, and in each he declared upon an indebtedness of $100; and the specifications showed a claim of over $100, but the credit reduced it under $100; and it was held that a justice had jurisdiction, the *ad damnum* being $100.

That case is a full authority for this case.

Judgment affirmed.