DANIEL ALLEN, PLAINTIFF IN ERROR, v. MARTHENA SAUNDERS, DEFENDANT IN ERROR.

1.  **Pleading:**  In pleading, each party must set forth a plain, concise statement of facts relied on to maintain his cause of action or his defense to the action.

2.  ——:  PLEA IN BAR.  A party cannot avail himself of the benefits of a plea in bar, or of a former recovery, by exceptions to testimony, or by motion subsequent to the trial; it must be pleaded to make such defense available.

3.  **Judgment:**  OPERATION AND EFFECT: LANDLORD AND TENANT. A recovery of judgment for monthly rent having become due, is not a bar to a future action and judgment for rent falling due thereafter upon a lease which provides for the payment of a certain monthly rent.

4.  **Practice:**  INSTRUCTIONS TO JURY.  An instruction asked to charge the jury that there is no proof of a certain matter in controversy, when there was some testimony in reference to the matter, though very slight, was properly refused.

5.  **Landlord and Tenant:**  ACTION FOR RENT.  In an action for rent against a tenant, who has taken a lease for one year and abandoned the property.  *Held*, it was proper to charge the jury that the landlord should let the property thereafter in as profitable a way as a prudent man would do, but that he was not obliged to let it to a tenant whose business would permanently injure it.

ERROR from the district court of Douglas county. Tried below before SAVAGE, J. The case is stated in the opinion.

*J. L. Webster* and *R. E. Gaylord*, for plaintiff in error.

The petition in the court below shows that the tenant "abandoned said premises and refused to pay any more rent for the same, or to recognize any liability thereafter to pay rent to plaintiff under said contract of leasing." Afterwards the landlord sued and recovered the second month's rent. This action is to recover the rent for the remaining part of the year. Here was an entire breach of the contract. The relation of landlord and tenant was put to an end, and hence but one action accrued to the landlord, which was an action for damages. He cannot split up his entire demand, and harass the plaintiff in error with the costs of a litigation at the end of every month. Having already prosecuted one action to judgment, the same is a bar to this suit. *Clossman v. Lacoste,* 28 Eng. L. and Eq., 140. *Fish v. Folley,* 6 Hill, 54. *Gordon v. Brewster,* 7 Wis., 355. *Veghte v. Hoagland,* 5 Dutcher, 125. *C. & N. W. R. W. Co. v. Nichols,* 57 Ill., 464. *Brannenberg v. I. P. & C. R. R.,* 13 Ind., 103. *Shaffer v. Lee,* 8 Barb. 412. Par. on Cont. 6th Ed., Vol. 3, 189. *Booge v. Pacific R. R.,* 33 Mo., 212.

The court therefore erred in admitting any testimony under the petition, and in rendering judgment upon the verdict.

The court should have charged the jury what the law was as to the facts proved in Bonner's testimony. There being no proof of resulting damage to the building the court should have given the direct instructions as requested. *Wisner v. Davenport,* 5 Mich., 501. The

charge as given is erroneous in that it *assumes* that to use the building for a meat market would have permanently injured it more than an ordinary business. *Wall v. Goodenough*, 16 Ill., 415. *McLaren v. Hall*, 26 Iowa, 303. *Preston v. Keys*, 23 Cal., 194. It had a tendency to mislead or draw away the minds of the jury from what the evidence was, and was therefore erroneous. *Eames v. Blackhart*, 12 Ill., 195. *Hastings v. Bangor*, 18 Me., 436. It was erroneous for the court to lay down generally what the duty of the landlord was as to renting the premises, even though the law be correctly stated; but the charge should have been framed to conform to the particular state of facts. *Morris v. Platt*, 32 Conn., 75—82. *Am. Ex. Co. v. Parsons*, 44 Ill., 317. *Chicago v. Utley*, 38 Ill., 410.

*John D. Howe*, for defendant in error.

Counsel errs in the assumption that the relationship of landlord and tenant, and the contract between the parties, could be terminated by the act of the tenants alone by abandoning the premises and refusing to acknowledge any liability thereafter to pay rent. *Grant v. Ramsey*, 7 Ohio State, 157. We allege that we refused to receive a surrender of the premises, or release the lessees from liability, and so the jury found. The leasehold interest of the lessees continued till the end of the term. They had stipulated to pay $80 per month rent, for one year; and, of course, on every default a cause of action arose to defendant. As a matter of fact, nothing was litigated in the first action but the one month's rent; indeed, nearly all of the rent sued for, herein, accrued after that suit had been adjudicated, and in the nature of things, could not have been litigated in that suit so long as the contract continued in force, and the term undetermined.

The decisive test in the cases where the question re-
lied on is presented, is whether the contract had been
absolutely terminated, or whether it continued in force.
In the former case, as in this, the plaintiff asserted and
relied upon the contract; in both cases defendant denied
the contract; in both cases it was adjudicated that the
contract continued in existence. Being in existence, the
status of the parties was the same as to this question
as it would have been if the lessees had continued to ac-
knowledge its binding force and to occupy the premises,
default having been made in the payment of the rent.
See Sedg. Meas. Dam., 268, [*225.]    24 Ala., 194.
Sedg. M. Dam., 351, *note;* p. 267, *et seq.* *McConnell v.
Kibbe,* 33 Ills., 175.    *Badger v. Titcomb,* 15 Pick., 409,
and citations. *Bendernagle v. Cocks,* 19 Wend., 207,
and citations. *Shepherd v. Willis,* 19 Ohio, 142.


GANTT, J.


This action was brought by defendant in error against
plaintiff in error, as the surviving partner of the firm
of Gray & Allen, upon a parol lease for one year—to re-
cover a balance of rent, agreed to be paid monthly, for
a certain property in the city of Omaha. It appears
that Gray & Allen had previously occupied the premises
under an unexpired lease to other parties. It is substanti-
ally alleged in the petition that the lease to Gray &
Allen was made by parol, under which they occupied
the premises for some time, and that they then aban-
doned the same and refused to pay the rent agreed to be
paid; that the rent for the month of April was paid by
them, and that about the first of June suit was brought
against them, before a justice of the peace, to recover
the rent for the month of May, and judgment thereon
was, on or about the eleventh day of August, rendered
for that month's rent. It is further alleged that, at the

request of Gray & Allen, the defendant, during the un-expired term of the lease, received from other parties, for the use of the premises, a certain amount of rent on account of the plaintiff in error. The plaintiff in error pleaded specific denials to the allegations of the petition, and averred that Gray & Allen were notified by defen-dant to vacate the premises, and that they did so on the fifth day of May, 1874. The new matter set up in the answer is denied by the reply. Upon the issues raised by these pleadings the cause was tried, and the jury by their verdict found them in favor of defendant in error, who was plaintiff in the court below.

The first proposition urged upon the court in the ar-gument for the plaintiff is, that the defendant having prosecuted an action to recover the rent for the month of May, and having obtained a judgment for that month's rent, such judgment is a bar to this action, and therefore the court erred in admitting any testimony under the defendant's petition, and in rendering judg-ment upon the verdict.

I think, upon a careful examination of the authorities cited in support of this proposition, it will be discovered that the general doctrine enunciated by them is to the effect, that when the contract, in all its essential parts, is in substance an entirety, a judgment recovered for a breach of any part of such contract will operate as a bar to any future action thereon.

In *Bendernagle v. Cocks*, 19 Wend., 207, it is said: "In respect to separate and independent contracts the books agree that separate actions, whether the proper form be covenant, assumpsit, or debt, may be brought at the pleasure of the party, subject only to the power of the court to direct them to be consolidated in proper cases. *Phillips v. Berick*, 16 John., 136. *Badger v. Titcomb*, 15 Pick., 409. *Rex v. The Sheriff of Hert-fordshire*, 1 Barn. & Adolp., 572. With respect to in-

stallments of money due at successive days under the same contract, a difference is taken, that if the action be debt it must be brought for the whole. *Rudder v. Pierce*, 1 H. Bl., 550. But if it be covenant or assumpsit, the action may be for each successive install-ment as it falls due. *Cook v. Whorwood*, 2 Saund., 337. 15 Pick., 409. And so without doubt as to any other breaches of several covenants or promises contained in the same contract, provided the action be brought before the subsequent breaches are committed. The cases all agree that, where the demand is entire, a recovery for part, bars a suit for the whole."

In the case at bar, the monthly rents to be paid are divisible, and for each successive month's rent, as it falls due, an action of assumpsit would lie, and so will an ac-tion under our system of code procedure. If the owner of property shall lease the same for one year, or a term of years, for a certain monthly rent to be paid for the use and occupancy of the same, would it be morally right and honest or just, upon any principle of legal science, for a court by its *sic volo* to establish the doc-trine that upon failure of the tenant to pay the rent monthly according to the contract, the landlord cannot by any legal proceeding collect such rent as it falls due without forfeiting that for the remainder of the term by a plea in bar of a former recovery? We cannot give our assent to the establishment of such a rule in the ad-ministration of the law. But how can the proposition contended for be maintained under the pleadings in this case? The answer contains specific denials of the alle-gations of the petition; and although some new matter is set up, yet it contains no averment of a former re-covery as a bar to this action. No such issue is raised by the pleadings, and we think it is quite clear that a party cannot avail himself of the benefits of a plea in bar by exceptions to testimony, or by motion subsequent

to the trial. In *A. & N. R. R. Co. v. Washburn*, 5 Neb., 124, it is said the "statute is intended to require each party to make a plain, concise, and distinct statement of the facts he intends to prove in order to maintain his cause of action or his defense to the action, and thereby inform the adverse party of the precise grounds upon which he intends to rely, * * * and in this regard it is restrictive in its operation in the admission of evidence." Therefore, "every defense to an action, whether partial or entire, must be set up in the answer."

The second proposition urged in the argument for the plaintiff is, that the court erred in refusing to instruct the jury, "that it is not denied, but stands admitted, that Bonner would have given seventy-five or eighty dollars a month for said building; you therefore must deduct the amount which Bonner was willing to pay, from any claim the plaintiff (defendant in error), might have against Allen. There is no proof that using the building for a meat market would have injured it in any wise;" and in giving the following: "It was the duty of the plaintiff (defendant in error) to let the building after it was vacated by Gray & Allen to as good advantage and in as profitable a way as would be done by an ordinarily careful and prudent man, but she was not obliged to let to tenants whose business was of such a character as would be of permanent injury to the property in a greater degree than ordinary business." The instruction asked is based on testimony substantially as follows: James Bonner testified that in a conversation with the "governor" he offered him seventy-five or eighty dollars rent for the premises, but the "governor" said the property belonged to Mrs. Saunders, and he did not like to have a market in it; and on cross-examination he says the "governor" objected to his going in to keep a meat market in it.

Was this offer to pay so much rent monthly, quar-

terly, or for one year? The record does not show. Alvin Saunders testified that he told Bonner that he thought it would damage the building to have it rented for a butcher shop. Now it appears from the testimony that Alvin Saunders objected to the premises in question being used for a meat market on the ground that it would damage the building. And though the evidence may be very slight, still it should be submitted to the consideration of the jury, for it is not the province of the court to draw inferences from the evidence, however slight it may be, or determine what it does or does not prove. Therefore, we think the instruction asked was properly refused. But, it may be inquired, *en passant*, how does this testimony affect the rights of the defendant? Who is the "governor" to whom James Bonner made the offer? He may be Alvin Saunders, and Alvin Saunders may be the husband of the defendant, and may have been her agent in charge of the property; but the record does not state any such fact, and it is not the province of the court to put such facts into the record by presumption.

The charge given by the court to the jury, we think correctly states the law of the case, and had direct application to the evidence; but if viewed merely as an abstract proposition of law without any evidence to which it may apply, it could not prejudice any rights of the plaintiff in error, nor in any way mislead the jury, and therefore furnishes no ground for the reversal of the judgment. In *Caw v. The People*, 3 Neb., 369, it is said that "many cases are to be found wherein it is held that even an erroneous instruction, on a point entirely outside of the case, as made by the evidence, furnishes no ground for the reversal of a judgment otherwise correct." 1 Ohio State, 66.

The judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.