No. 9655.

EPSTEIN v. GREER.

LANDLORD AND TENANT.—*Rent.*—*Former Adjudication.*—In a suit by a landlord for rent and possession, an answer of former adjudication is well met by a reply that the pending action is for rent accrued since the former trial.

SAME.—A tenant holding possession as such can not, as against his landlord, deny the title of the latter and thereby avoid paying rent.

From the Dearborn Circuit Court.

*J. D. Haynes* and *J. K. Thompson*, for appellant.
*H. D. McMullen* and *D. T. Downey*, for appellee.

FRANKLIN, C.—Appellee as landlord sued appellant as tenant before a justice of the peace, for the possession and rent

of a house and lots in the town of Aurora, in said county, alleging the non-payment of rent, and notice to quit.

The case was tried before the justice, and judgment was rendered for the plaintiff. The defendant appealed to the circuit court, where he filed an answer in three paragraphs: 1st. A denial. 2d. Insanity of the plaintiff's grantor. 3d. Former adjudication. A demurrer was sustained as to the second and overruled as to the third paragraph. Reply to the third paragraph that the former suit was for rent that had previously accrued, and that this suit was for rent that had accrued since the former trial. A demurrer was overruled to the reply. There was a trial before the court and a finding for the plaintiff in the sum of $65 damages. A motion for a new trial was overruled, and judgment was rendered for the plaintiff for that amount, and that he have possession of the premises. The defendant appealed to this court, and has assigned for errors the sustaining of the demurrer to the second paragraph of his answer, the overruling of his demurrer to the reply, and the overruling of his motion for a new trial.

The second paragraph of the answer is bad. A tenant can not, while retaining the possession, deny the title of his landlord and thereby defeat the payment of rent. *Epstein* v. *Greer*, 78 Ind. 348.

Appellee has furnished no brief, and appellant has furnished us no authority upon his demurrer to the reply. We see no real objections to the reply.

There was no error in sustaining the demurrer to the second paragraph of the answer, nor in overruling the demurrer to the reply.

The reasons stated for a new trial are:

That the finding of the court is not sustained by sufficient evidence, is contrary to law, and the damages are excessive.

The evidence for the plaintiff shows that on the 24th day of March, 1881, appellee had served upon appellant a written notice to quit possession, unless the rent due was paid in ten

days from that time. The defendant refused to pay the rent unless the house was repaired.

This suit was commenced on the 4th day of April, 1881. The defendant lived in the property, and had contracted with the plaintiff to pay $5 per week rent. This contract was made in July, 1880. Since March 15th, 1881, no rent has been paid. That there was no contract to repair.

The evidence on the part of the defence shows:

That the plaintiff, on the 27th day of November, 1880, commenced a former similar suit before a justice of the peace, to collect the rents then due, and for possession of the premises, which was decided by the justice in favor of the plaintiff; the defendant appealed that case to the circuit court, where it was tried before the court, and a finding made for the plaintiff in the sum of $85; and, over a motion for a new trial, judgment was rendered for said sum and the possession of the premises. (This judgment was rendered March the 14th, 1881, and was by the defendant appealed to this court and reported in 78 Ind., *supra.*) In addition to the transcript of the former case being given in evidence, there was parol evidence given, showing that the appeal in the former case to this court had been perfected, which was all the evidence given in the cause.

The former adjudication could only include the rents up to the time of the trial, and the unlawful holding of possession up to that time. It certainly did not embrace rents accruing after the day of trial, or determine that the holding of possession thereafter would be lawful. The court adjudged that the holding of the possession up to that time was unlawful, and if the defendant desired to relieve himself from the subsequent liability to pay rent, he could have done so by surrendering the possession of the premises to the plaintiff, as the court had determined. He can not disregard the former judgment, in so far as he is concerned, and at the same time enforce it as to the plaintiff. But the bond filed on the ap-

Epstein v. Greer.

peal to this court from the former judgment does not include the rents that would accrue between the times of taking the appeal and a decision of the case by this court. That bond was only conditioned that appellant should duly prosecute his appeal to effect, and abide by and pay the judgment and costs which might be rendered or affirmed against him. *Malone* v. *McLain*, 3 Ind. 532. And as the rents in controversy could not be included in such judgment or affirmation, there was no former adjudication of them, or of pending litigation in relation to them, at the commencement of this suit.

· The failure to pay rent after the former trial was a subsequent breach of the contract to pay rent, and the unlawful holding over was a continuous injury, for which the former suit could not be a bar as *res adjudicata*. Wells Res Adjudicata, section 276. We think the proof failed to establish the defence of *res adjudicata,* to the matters embraced in this suit; that the evidence supports the finding of the court; and that it is not contrary to law.

The third reason for a new trial is, that the damages are excessive.

The former judgment was rendered March 14th, 1881; the judgment in this case was rendered June 14th, 1881, making thirteen weeks between them; at $5 per week, according to the rate of the contract in the beginning, the rent would amount to $65, the amount of the finding by the court. The damages are not excessive.

There was no error in overruling the motion for a new trial. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.