F. A. LUCE *v.* W. F. MINARD ET AL.

November Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 13, 1913.

*Writ of Prohibition—Splitting Cause of Action—Lease—Install-
ments—Justices of the Peace—Jurisdiction—Successive Ac-
tions.*

Where a lease provides that the rent shall be paid in designated
monthly installments, an action lies on each defaulted payment,
for, though the agreement is entire, the performance is several.

Under P. S. 1390, giving justices of the peace jurisdiction of civil ac-
tions where the matter in demand does not exceed $200, the juris-
diction in an action of assumpsit is determined by the *ad damnum*,
unless the declaration affirmatively shows that the matter in de-
mand exceeds the jurisdictional limit.

The jurisdiction of a justice of the peace, in an action of assumpsit
to recover $50, being one installment of rent due under a lease
reserving rent to the amount of $2,392 for the full term, is not
ousted by the defence that the lease is invalid.

Where a justice of the peace had jurisdiction of an action of assump-
sit to recover one installment of rent due under a lease, and an
appeal was taken from his judgment therein, that fact will not
deprive him of jurisdiction of actions to recover installments sub-
sequently accruing.

PETITION for a writ of prohibition, brought to the Supreme
Court for Washington County at its November Term, 1912, and
then heard on the petition and defendant's answer thereto.

*B. E. Bullard* for the petitioner.

The several installments stipulated by this lease constitute
an entire cause of action, to the extent that a judgment in an
action on one of the installments is a bar to any defence that
the petitioner might set up denying the validity of the lease,
for any purpose, and were he to submit to such judgment he

12

could no longer dispute or contest the remaining installments or any of them. The lessee could not recoup any damages he might claim because of lessor's non-fulfillment of the terms of the lease, beyond the sum of fifty-two dollars, nor litigate any pleas in bar except payment; therefore $2,392.00 was the matter in demand. *Spaulding* v. *Warner,* 59 Vt. 646; *Union R. & T. Co.* v. *Traube,* 59 Mo. 355; *Rake* v. *Pope,* 7 Ala. 161; *Gilson* v. *Burnham,* 43 Vt. 410; *Kerr* v. *Simonds,* 9 Mo. App. 376; *Rankin* v. *Big Rapids,* 123 Fed. 607. The lessee must litigate his claimed rights under the lease in any suit brought on a defaulted installment of rent, and must then make his claim as to the validity of the lease or be concluded and estopped ever after. This being so, the matter in demand was the rents, not only those claimed to be due, but all that might thereafter be claimed under the lease. *Witman* v. *Lanten,* 3 N. Y. Supp. 754; *Wiese* v. *San Fran. Musical Soc.,* 82 Cal. 645; *Louisville R. Co.* v. *Carson,* 169 Ill. 247; *Town of Concord* v. *National Bank of Derby Line,* 51 Vt. 144; *Conn. & Pass. Rivers Ry. Co.* v. *Bates,* 32 Vt. 420; *Williams* v. *Mason,* 45 Vt. 372; *Marshall* v. *Aiken,* 25 Vt. 327; *Church* v. *French,* 54 Vt. 420; *Am. Ex. Co.* v. *Gray,* 62 Vt. 421; *Howard & Brown* v. *Gammon,* 78 Vt. 420; 23 Cyc. 1197, 23 Cyc. 1187, note 33.

*F. L. Laird* and *Burton E. Bailey* for the defendants.

POWERS, J. The petitioner rented of one of the defendants certain premises in Waterbury. The lease was for a term of years and was in writing. It provided for an annual rent payable in monthly installments of about fifty dollars. When one of these installments fell due, the lessor brought an action of assumpsit therefor, returnable before a justice of the peace. The petitioner appeared and when the lease was produced and made the basis of recovery, he moved to dismiss the action for want of jurisdiction. This motion was overruled, a judgment rendered for the plaintiff therein, and the petitioner appealed. When the next installment of rent fell due, the lessor brought another action of assumpsit returnable before the same justice to recover this installment, and the same proceedings were had therein as were had in the first suit. Both these actions are now pending in the county court. Before another installment of rent was due, this petition for a writ of prohibition was brought,

and the lessor was restrained from prosecuting the aforementioned suits and from bringing others of like character until further order.

It was the early theory of the common law that there could be but one action on one contract; and it was considered that a contract to pay a stipulated sum in installments was an entire contract, upon which no action could be brought until the last payment fell due. 23 Cyc. 443; *Perry* v. *Harrington,* 2 Metc. 368, 37 Am. Dec. 98. And it was not until *Cook* v. *Whorwood,* 2 Saund. 337, that it became established that in such cases successive actions could be maintained as the installments fell due. Since which time it is held that if one "agrees to do several things, at several times, an action lies upon every default; for, though the agreement is entire, the performance is several, and the contract is divisible." *Badger* v. *Titcomb,* 15 Pick. 409, 26 Am. Dec. 611; *Perry* v. *Harrington, supra; Lorillard* v. *Clyde,* 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470; *Graveet* v. *Allen Graphite Co.,* (Ala.) 56 So. 17; *Seed* v. *Johnston,* 63 App. Div. 340, 71 N. Y. Supp. 579. This does not split the plaintiff's demand,—the parties themselves have done that; it is only making effective the agreement which they have voluntarily entered into. Each of the installments provided for is entire, and will support but one action. *Stanley* v. *Turner,* 68 Vt. 315, 35 Atl. 321; *Warren* v. *Comings,* 6 Cush. 103.

This rule authorizes successive suits for installments of rent falling due at different times. *Marshall* v. *Grosse Clothing Co.,* 184 Ill. 421, 56 N. E. 807, 75 Am. St. Rep. 181; *Clark* v. *Jones,* 1 Denio, 516, 43 Am. Dec. 706; *Finnerty* v. *Hoppe,* (Mo. App.) 131 S. W. 128; *Williams* v. *Houston Cornice Works,* (Tex.) 101 S. W. 839, 1195; *Allen* v. *Saunders,* 6 Neb. 436; *Epstein* v. *Greer,* 85 Ind. 372; *Barnes Bros.* v. *Coal Co.,* 101 Tenn. 354, 47 S. W. 498; *Cross* v. *United States,* 14 Wall. 479, 20 L. ed. 721; *Rau* v. *Am. Nat. Ins. Co.* (Tex.) 154 S. W. 645.

The petitioner does not very seriously controvert this proposition, but he says that the contract is so far entire that a judgment in an action for an installment of rent would forever establish the validity of the lease, and consequently he would be thereafter precluded from contesting the other installments, and could not recoup his damages beyond the amount of the installment; and for these reasons the amount actually involved in

each suit is not the amount of the installment, but the amount of the rent for the full term—$2,392,—and a justice has no jurisdiction. With us, a justice of the peace has jurisdiction of actions of a civil nature where the debt or other matter in demand does not exceed $200. P. S. 1390. When the action is assumpsit, it is the *ad damnum* which usually determines the question of jurisdiction, though it is otherwise when it appears from the declaration that the matter in demand exceeds the jurisdictional limit. *Thompson* v. *Colony*, 6 Vt. 91; *Bell* v. *Mason*, 10 Vt. 509; *Wightman* v. *Carlisle*, 14 Vt. 296; *Bank of Rutland* v. *Crampton*, 28 Vt. 330; *Scott* v. *Darling*, 66 Vt. 510, 29 Atl. 993. That the question of jurisdiction does not depend upon the defence made appears from *Temple* v. *Bradley*, 14 Vt. 254, wherein it was held that a defendant could not plead in offset before a justice a demand exceeding in amount his jurisdiction, but could appeal and plead it in county court,—no suggestion being made that the jurisdiction of the justice was affected thereby; and from *Heath* v. *Robinson*, 75 Vt. 133, 53 Atl. 995, wherein it is held that the question whether the title to land is concerned in a suit depends upon the declaration and not upon the plea or the course of the trial.

In support of his contention that the rent for the whole term is involved in each of these suits, the petitioner cites several of our own cases. But they involve the question of appealability of cases brought before a justice of the peace. They arise under P. S. 1650, the language of which is quite different from that defining the civil jurisdiction of a justice. This section, in effect, provides for an appeal where the *ad damnum*, the sum demanded by the declaration, or the specifications or exhibits of the plaintiff on trial, exceed twenty dollars. The cases referred to show that they turn on the significance of the terms "specifications" and "exhibits." Thus, in *Conn. & Pass. Rivers R. Co.* v. *Bates*, 32 Vt. 420, which was an action before a justice of the peace to recover a ten dollar installment of a stock subscription for one hundred dollars, it was held that the action was appealable because the contract of subscription, which was the basis of recovery, was a specification or exhibit showing a claim large enough to answer the requirements of the statute. And in *Concord* v. *National Bank*, 51 Vt. 144, which was an action before a justice to recover on a fifteen dollar coupon from a five hundred dollar bond, the court held that the bond was an

exhibit, and made the case appealable.  In neither of the cases
was the jurisdiction of the justice attacked.

If the question before us was the question whether the defendant had the right of appeal in the actions brought, the petitioner's position would be sound and his cases in point.  But that is not the question here; it is a question of jurisdiction, and this is not in any way affected by the specifications or exhibits, for the statute granting jurisdiction makes no mention of them,—but makes the ''debt'' and the ''matter in demand'' the only determining factors.  The petitioner further claims that even if the justice had jurisdiction of the first action, the appeal therein transferred the matters involved to the county court, removed the whole controversy to that court, and divested the jurisdiction of the justice therein.  But the argument is unsound.  It loses sight of the fact that each installment of rent is a separate and distinct cause of action.  The lessor is at liberty to bring his successive actions before the same or another justice, and a second suit is in no sense a further proceeding in the first.  The justice of the peace exhausted his jurisdiction over the installment of rent covered by the first suit when he granted the appeal; but he, or any other qualified justice, had full authority to entertain the suit on the next installment when brought.  These views being determinative of the regularity of the proceedings upon which the petition is based, we need not consider the other questions argued.

*Order vacated and petition dismissed with costs.*