[No. 18611.   Department Two.   October 7, 1924.]

KATHERINE HARE, *Appellant*, v. W. H. WINFREE,
*Respondent*.[1]

JUDGMENT (213-3) — BAR — MATTERS CONCLUDED — CONTRACTS — SPLITTING CAUSES OF ACTION. While separate actions may be brought to recover each installment of rent, as it becomes due, the action must include all rental due at the time of bringing the action; so that an action for July rental, commenced after the August rental is due, waives the August rent and a second action therefor is barred.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered February 16, 1924, in favor of the defendant, in an action for rent, tried to the court. Affirmed.

*A. G. Starkey*, for appellant.

*Allen, Winston & Allen*, for respondent.

PEMBERTON, J.—On the 22d day of June, 1923, appellant instituted this action against respondent for the recovery of $110, due for the month of June as rental for an apartment in a building in Spokane belonging to appellant. On July 12, 1923, respondent made a motion to strike out certain portions of the complaint. This motion was granted and an amended complaint served on the 26th day of September, 1923, and thereafter, on leave of court, an amended and supplemental complaint was filed including an additional $110 for the month of August.

The answer of the respondent offered as an affirmative defense to the amount due for the month of August the allegation that appellant on August 7, 1923, after the rental for the month of August was due and

[1]Reported in 229 Pac. 16.

unpaid, had instituted a suit for $110 for the July rent and a judgment was entered and satisfied on August 29, 1923.

The trial court granted judgment for the rental for the month of June and refused to allow the rental for the month of August, under the theory that appellant had waived or abandoned any claim for the August rent which was then due at the time of the filing of the suit for the amount due for the month of July. From the judgment this appeal is taken.

Appellant relies principally upon the case of *McDole v. McDole,* 106 Ill. 452, which apparently sustains her contention.

Our attention is also called to the case of *Helsley v. American Mineral Production Co.,* 118 Wash. 571, 204 Pac. 190. In this case the court held that the bringing of an action for the payment of a definite sum in case was not a bar to the bringing of an action upon the same contract for the failure to pay certain accounts. In that case we said:

" 'Nor is there any splitting of causes where the demand which is the subject of the second action was not due at the time of the first action.' "

"It may be litigated as often as an independent cause of action arises which, because of its subsequent creation, could not have been litigated in the former suit, as the right did not then exist." *Harsin v. Oman,* 68 Wash. 281, 123 Pac. 1.

In the case at bar, the right of action for the rental for August did exist.

"Where rent is payable at stated intervals a separate action may be brought to recover each installment as it becomes due, but all installments which are due and unpaid at the time an action is brought must be included in that action in order to be recovered." 1 C. J. 1115.

"On the other hand where several instalments of rent have accrued, the action to recover the same cannot be split up into several actions, but a single action only can be maintained, and a recovery in an action for one matured instalment will bar another action for another instalment which was overdue at the time of the first action." 16 R. C. L. 1000.

The weight of authority sustains the contention of respondent that a separate action may be brought to recover each installment falling due as they become due. At the time of bringing the action, however, all installments then due must be included in the demand, and if not so included will be deemed to have been waived. The rental for the month of August being due and unpaid at the time of bringing the action for the rental due for the month of July, the trial court properly disallowed the claim for the August rental.

The judgment is affirmed.

MAIN, C. J., MITCHELL, and FULLERTON, JJ., concur.
BRIDGES, J., concurs in the result.