## PAUL BERNER
*vs.*
## FRED F. MANNING, ET AL.

Superior Court     New Haven County     File No. 42251

MEMORANDUM FILED JULY 6, 1939.

*Lewis J. Somers,* of Meriden, for the Plaintiff.

*Cornelius J. Danaher,* of Meriden, for the Defendants.

O'SULLIVAN, J.   By the provisions of a written contract, the plaintiff leased certain premises in Troy, New York, to Theodore Manning Company for the term of ten years commencing on May 1, 1927.   The rent reserved was $63,250, payable in monthly installments of varying amounts.   The defendants, by a separate instrument in writing, guaranteed among other things the payment of the rent.   The lessee entered into and occupied premises until May 1, 1932, when after giving notice that it no longer intended to be bound by the lease, it vacated them.   In August of the same year, Berner

brought suit in this court against the lessee and the guarantors to recover the then unpaid rent as well as all installments which might remain unpaid at the time of the trial. This was in conformity with section 5667 of the General Statutes, Revision of 1930, which permits one to offer evidence of and to recover judgment for damages accruing subsequent to the bringing of the action. Eventually, judgment entered for the plaintiff to recover $3,541.08, representing the amount of rent unpaid as of January 1, 1933.

In the meantime, Berner, acting as agent for the Manning Company in conformity with the provisions of the lease which he still maintained was in force, executed another lease to one Brandwen who has ever since occupied the premises and paid rent therefor in amounts substantially less than those agreed upon in the original lease.

On July 29, 1933, the present suit was instituted, returned to the October session of this court, and has remained more or less dormant for the past six years. The cause of action is one for the recovery of the rents unpaid by the Manning Company since January 1, 1933. The defense simmers down to this: having brought an action in 1932 and obtained judgment thereon, Berner may not now recover because he has split his cause of action.

It is a salutary principle that a single cause of action cannot be split, nor may a party divide the grounds of recovery and maintain successive actions thereon. Were this rule not well imbedded in the law, great inconvenience and hardship to the defendant would ensue. Cases cannot be tried by piecemeal. *Walsh Construction Co. vs. U. S. Guarantee Co.,* 76 Fed. (2d) 240; *First Carolinas, etc., Bank vs. McNiel,* 177 S.C. 332, 181 S.E. 21.

But the rule applies only to claims and demands which are parts of one cause of action and which are recoverable in the first instituted suit. If at the time of the commencement of an action to recover on a severable part of a claim, then capable of recovery in such action, another severable part is incapable of recovery in that particular action, as, for example, if it is not yet due, it may be made the subject of a separate action without violating the rule as to the splitting of causes. *Hare vs. Winfree,* 131 Wash. 138, 229 Pac. 16, 42 A.L.R. 126, and annotation, 42 A.L.R. 128. Thus, where rent is payable at stated intervals, a separate action may be brought to recover

each installment as it falls due, although all installments due and unpaid under one lease at the time the action is brought must be included in that action.

The defendants have mistaken the theory on which the 1932 suit was based. That action was one on a contract for rent and not one for damages for its breach. When the Manning Company abandoned the premises and notified the lessor that no longer would it pay rent, two courses were open to him. He could have accepted the surrender of the premises and agreed to a rescission of the lease, or he could have refused to accept the surrender. He chose the latter course and recognized the continued existence of the lease. *White vs. Miller*, 111 Conn. 53; *Sagamore Corporation vs. Willcutt*, 120 id. 315. Had Berner in the 1932 action sued for damages for a breach of the lease, the present action would not be maintainable. But as it was brought to recover rentals then unpaid under a lease which was and still is in effect, he may now recover all installments of rent unpaid subsequent to the judgment in the former action. *Hoefer vs. Fortmann*, 219 Iowa 746, 259 N.W. 494; *Luce vs. Minard*, 87 Vt. 177, 88 Atl. 728.

The total default less the credits to which these defendants are entitled through the receipt by the plaintiff of rent from Brandwen is in excess of the *ad damnum* of $10,000.

Judgment may enter for the plaintiff to recover from all defendants ten thousand dollars damage.