[No. 7469-9-II. Division Two. June 12, 1986.]

A. L. RASMUSSEN, as *Executor, Respondent,* v.
RONALD W. CHASE, ET AL, *Petitioners.*

*John S. Abolofia* and *Escure & Abolofia, P.S.*, for petitioners.

*Alan N. Rasmussen,* for respondent.

WORSWICK, C.J.— On the application of Ronald and Patricia Chase, we accepted discretionary review of the Pierce County Superior Court's order affirming a justice court judgment against them for $9,500. They contend that the judgment exceeded the court's jurisdiction, and that the action upon which it was based was barred by res judicata, because of an earlier judgment on the same subject matter. We affirm.

The Chases leased certain property from George Rasmussen in 1980; the lease called for monthly payments of $2,250. The Chases failed to make the lease payment for June and July 1982, and Rasmussen's executor sued them in justice court. The executor obtained a judgment for $4,500 on September 30, 1982. This judgment was satisfied.

The Chases refused to make any further payments, and the executor thereafter filed three more lawsuits in justice court. The first, No. 759689, claimed rent due for August and September; it was filed on October 11, 1982. The second, No. 761038, claimed rent for October and November; it was filed on January 31, 1983. The third, No. 761039, claimed rent for December 1982 and January 1983; it was also filed on January 31, 1983. All three cases were consoli-

dated for trial over the Chases' objection. The combined prayer was $13,500. The court awarded judgment, however, in the separate sum of $4,500 in No. 759689, and in the total sum of $5,000 in Nos. 761038 and 761039. The latter two cases remained consolidated for purposes of judgment. The court believed that by limiting its judgment to $5,000 rather than the $9,000 prayed for in those two complaints, it was complying with the jurisdictional limit of former RCW 3.20.020(1)(a).

The Chases contend that the consolidation resulted in "one case," the prayer of which was beyond the court's jurisdiction, and that the court was thereupon divested of jurisdiction. They rely primarily on *Jeffery v. Weintraub*, 32 Wn. App. 536, 648 P.2d 914 (1982) and *State v. Davidson*, 26 Wn. App. 623, 613 P.2d 564 (1980), *review denied*, 95 Wn.2d 1026 (1981). We disagree.

■ The Legislature sets the monetary jurisdictional limits of the justice court. Const. art. 4, § 12. It has done so, insofar as this case is concerned, with the following language: "The justice court shall have jurisdiction . . . [o]f *an action arising on contract* for the recovery of money only *in which the sum claimed does not exceed* [$5,000]".[1] (Italics ours.) In our view, the statute confers—and limits—jurisdiction over *causes of action* and not over lawsuits to the extent that the latter are merely vehicles for the former. This view is fortified by JCR 42 which reads, in part:

### CONSOLIDATION; SEPARATE TRIALS

(a) **Consolidation.** When *actions* involving a common question of law or fact are pending before the court, it may order *a joint hearing or trial* of any or all the matters in issue in *the actions; it may order all the actions consolidated*; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

---

[1] RCW 3.66.020; Laws of 1979, ch. 102, § 3, p. 399. The jurisdictional limit for the court, now referred to as the district court, was raised to $10,000, effective July 1, 1985. Laws of 1984, ch. 258, § 41, p. 1314.

(Italics ours.) We conclude that consolidation is proper if the causes of action consolidated, considered separately, are within the district court's jurisdictional limits. The Chases did not contend below and do not contend here that the separate claims exceeded the court's jurisdiction. They did, however, contend that either the court had no jurisdiction, or that it was limited to a total judgment of $5,000. The District Court did not accept this completely, but it did correctly conclude that its jurisdiction depended upon the amount in controversy in a given cause of action. It then determined—again correctly—that the second and third lawsuits were based on one cause of action. *See Hare v. Winfree,* 131 Wash. 138, 229 P. 16, 42 A.L.R. 126 (1924). It limited judgment accordingly, thus giving the Chases the relief they requested to the extent they were entitled to it.

*Davidson* and *Weintraub* do not require a different result. *Davidson* only holds, unsurprisingly, that a district court cannot act without jurisdiction. The issue before us was not presented in *Weintraub* or any of the cases cited therein, which all dealt with limited procedural issues. *Weintraub* (taxation of statutory attorney's fees); *First Nat'l Bank v. Fowler,* 51 Wash. 638, 99 P. 1034 (1909) (appeal bond requirement); *Johnson v. California–Washington Timber Co.,* 159 Wash. 214, 292 P. 418 (1930) (notice of appeal).

█ We also hold that the claims in question were not barred by res judicata. The Chases' premise here is that because the lease permitted acceleration of the rent on default, any action brought after default must be res judicata as to the entire obligation. This is not so. Assuming arguendo that the executor had the right to accelerate at the time of the first action, that right was only optional and not mandatory. *Kenworth Sales Co. v. Salantino,* 154 Wash. 236, 281 P. 996 (1929). The right was not exercised; therefore, future actions for rent accruing thereafter were not barred. This is in contrast to the bar effected by failure to include in a lawsuit all rent then accrued and due. *See Hare v. Winfree, supra.*

Affirmed.

REED and PETRICH, JJ., concur.

Review denied by Supreme Court September 2, 1986.